CROW *v.* THE STATE.

1. Abandonment, dependency and destitution are each equally essential to the commission of the offense defined by section 4373 of the code; and the requirements of that section are not met in a prosecution thereunder, by showing an abandonment by the father of his minor child and its dependence upon another, but it must also be shown that the child was left in a destitute condition.

2. Where, under an indictment for such an offense, the evidence shows that the father, before the birth of a child, abandoned its mother; that she thereafter lived with her father, who voluntarily supported her; that the father of the child, upon request of the mother, made from time to time suitable provision for its support, and never at any time refused to make adequate provision therefor, a verdict of guilty is unwarranted by the evidence and a new trial should be awarded.

May 13, 1895.

Indictment for misdemeanor. Before Judge GOBER. Cobb superior court. March term, 1895.

Anthony Crow was indicted for abandoning his child, was found guilty, and his motion for a new trial was overruled. The evidence shows that he married Anna Russell and had not lived with her since the marriage. She had born to her a male child, now about a year old; he was begotten previous to the marriage and born afterwards. Since the marriage she has lived with her father, who has supported her and the child. Defendant fur-

nished for the child some clothing, $2.00 in money, a fifty pound sack of flour, some meat and a pair of shoes. He has never refused to furnish what she asked for the child, and has never failed to do· so when she called upon him. He has furnished nothing this year. The child has never suffered for anything. She has no property and no means of support. Defendant is the child's father. He always claimed and acknowledged that the child was his. He has employment as a laborer.

A. N. EDWARDS, T. B. IRWIN and D. P. LESTER, for plaintiff in error.

ATKINSON, Justice.

To the principle stated in the first head-note, it is only necessary to cite the language of the statute from which section 4373 of the code is taken; and to the· point that the words dependent and destitute, as employed in that statute, were not designed to be used as synonyms, it is only necessary to refer to the language employed by Chief Justice JACKSON in 78 *Ga.* 188, in the case of *McDaniel, governor,* v. *Campbell,* which we quote as follows: "So to leave a child dependent does not convey the idea of absolute destitution. The child may be cared for and comfortable, and yet dependent on some charity; but left destitute, it has no protector, friend or other author of benevolent kindness, feeding and clothing it." In that case the indictment failed to allege that the child had been left in a destitute condition. The Chief Justice further says: "It would seem that the strength of the crime, as defined in the statute, is emasculated of much sinew and muscle by the indictment, and the crime is not substantially charged." In the present case the allegations in the indictment are technically accurate, but the evidence wholly fails to sustain the proposition that the child was left in a destitute condition. According to the testimony of the mother, who was the principal witness.

in the case, the father made ample provision for the support of the child suitable to its condition in life. Of his means he provided according to his ability, and she testified that he had never failed to respond when advised of the necessities of his offspring. Many cases occur in human experience where a child is less destitute under the tender care of affectionate grandparents than when its wants are left to be supplied by an improvident and shiftless parent. At all events, neither abandonment nor destitution is proven unless the father leaves the child intending to abandon it to its own fate without providing for it the necessaries of life, and leaving it wholly dependent upon others who are themselves unable or unwilling to provide for it.

Let the judgment of the court below be  *Reversed.*