## DALTON v. THE STATE.

To warrant a conviction under the Penal Code, § 114, the child must be not only dependent but in a destitute condition.

                    Argued April 28, — Decided June 3, 1903.

Indictment for abandoning child.   Before Judge Butt.   Muscogee superior court.   March 14, 1903.

*G. Y. Tigner,* for plaintiff in error.

*S. P. Gilbert, solicitor-general,* contra.

SIMMONS, C. J.   Dalton was tried and convicted of the offense of abandoning his minor child, leaving it in a dependent and destitute condition.   His motion for a new trial was overruled, and he excepted.   The judge charged the jury, in substance, that if the accused and his wife had separated on account of his misconduct, and he failed to provide for and support the child, which was with its mother, the jury would be authorized to convict him, although the wife had returned to her relatives and they had supported and provided for the child on account of their love for it and on account of charity.   The Penal Code, § 114, provides that "If any father shall willfully and voluntarily abandon his child, leaving it in a dependent and destitute condition, he shall be guilty of a misde-

meanor." The evidence adduced on the trial showed that the father was willing for the wife to leave him and return to her relatives. The child, which she took with her, was between four and five years of age, and was, of course, dependent. The evidence, however, does not disclose that the child was destitute at the time of the abandonment, or had even become destitute up to the time of the trial. So the case turns upon the question whether the father is guilty if he fails to provide for his child after the separation, even though the child may be abundantly supplied with all the necessaries of life. While it is true that a father is under a moral and legal obligation to support his minor child, it is not also true that, if he fails in this duty, he may be convicted under the above section of the code although the child is fully provided for by others. The father can not be convicted unless it be shown that the child was not only dependent but in a destitute condition. If it is not destitute, but is amply supplied with all necessaries, the father can not be convicted. It is true he may have violated his moral and legal obligations in abandoning the child at all; but as criminal statutes must be construed strictly, we are constrained to give this statute this interpretation. Jackson, C. J., in discussing this question in *McDaniel* v. *Campbell*, 78 *Ga*. 188, said: "To leave a child dependent does not convey the idea of absolute destitution. The child may be cared for and comfortable, and yet dependent on some charity; but left destitute, it has no protector, friend, or other author of benevolent kindness feeding and clothing it." Atkinson, J., in discussing the same question in *Crow* v. *State*, 96 *Ga*. 297, said (p. 299): "Many cases occur in human experience where a child is less destitute under the tender care of affectionate grandparents than when its wants are left to be supplied by an improvident and shiftless parent. At all events, neither abandonment nor destitution is proven unless the father leaves the child intending to abandon it to its own fate without providing for it the necessaries of life, and leaving it wholly dependent upon others who are themselves unable or unwilling to provide for it."

*Judgment reversed. By five Justices.*