## WATTS *v.* MAYOR AND COUNCIL OF FORSYTH.

COBB, J.    Evidence that two jugs containing six or seven gallons of intoxicating liquor were found in the house of the accused, in a " dry " county, that she also had fifteen or twenty empty jugs, which apparently had contained whisky, concealed in her house, that the accused admitted that the whisky in the jugs was hers, that certain parties stole a jug of whisky from the house of the accused during her absence, and that nineteen persons at different times had given the accused sums of money ranging from fifty cents to two dollars, "to order" whisky for them, was sufficient to authorize a finding that the accused had violated a municipal ordinance prohibiting the keeping of intoxicating liquors for the purpose of unlawful sale. See *Tucker* v. *Moultrie,* 122 *Ga.* 160.

*Judgment affirmed.   All the Justices concur, except Simmons, C. J., absent.*

Argued June 19, — Decided July 17, 1905.

Certiorari.    Before Judge Reagan.    Monroe superior court. May 8, 1905.

*Persons & Persons,* for plaintiff in error.
*Cabaniss & Willingham,* contra.

---

## MAYS *v.* THE STATE.

CANDLER, J.    Under repeated rulings of this court, in order to constitute the crime of abandonment as defined in the Penal Code, § 114, it is necessary that the child shall be not only deserted but left in a destitute condition. If, notwithstanding the desertion, the wants of the child be provided for·by others, the statutory crime of abandonment is not made out.    *McDaniel* v. *Campbell,* 78 *Ga.* 188; *Jemmerson* v. *State,* 80 *Ga.* 111; *Crow* v. *State,* 96 *Ga.* 297; *Dalton* v. *State,* 118 *Ga.* 196.

*Judgment reversed.   All the Justices concur, except Simmons, C. J., absent.*

Argued June 19, — Decided July 17, 1905.

Accusation of abandoning child.    Before Judge Clark.    City court of Forsyth.    May 4, 1905.

*Persons & Persons,* for plaintiff in error.
*H. E. Chambliss, solicitor,* contra.