## WILLIAMS *v.* THE STATE.

COBB, P. J. 1. "Under repeated rulings of this court, in order to constitute the crime of abandonment as defined in the Penal Code, § 114, it is necessary that the child shall be not only deserted but left in a destitute condition. If, nothwithstanding the desertion, the wants of the child be provided for by others, the statutory crime of abandonment is not made out." *Mays* v. *State,* 123 *Ga.* 507, and cit.

2. The evidence in this case established the fact of desertion, but not destitution. A new trial should, therefore, have been granted.

*Judgment reversed. All the Justices concur.*

Submitted October 18,—Decided November 9, 1906.

Indictment for abandonment of child. Before Judge Clements. City court of Eastman. September 12, 1906.

Williams was convicted under an indictment charging him with having abandoned his child, leaving her in a dependent and destitute condition. He moved for a new trial, on the grounds that the verdict was contrary to law and the evidence; the motion was overruled, and he excepted. At the trial his wife testified, that she and the accused were married in March, 1904, and the child "was born of that marriage" in June, 1904. "He has never lived with me since the marriage, . . and has not at any time contributed anything towards the support of the child. He carried me to his father's and left me. He never offered to help me. He works turpentine and makes good wages. I never run him off. His father did not take care of me. He did send me some rations one time when I was sick with my child. The child has always lived with me all the time, and I have worked and supported it with the help of my people. I have lived around with various ones of my people and my neighbors, and they have helped me and I worked for what I could get. I have no property at all other than a bed. The child has always had sufficient to eat and to wear, having the necessities of life all the time, but the defendant did not furnish

any part of it. I did this myself, with the help of my people and neighbors. I could earn about $1.50 per week. My health was poor; sometimes I could do nothing, as I was sick. When I was at work other people had to look after my child. All my people are poor and unable to help me much."

*J. P. Highsmith,* for plaintiff in error.

*C. W. Griffin, solicitor,* contra.