LEROY R. BUSCH, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed March 9, 1929.

*Robillard, Copeland & Therrel,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The plaintiff in error was convicted under an information filed in the Criminal Court of Record in Dade County, wherein it was charged that he on the 23rd day of June, 1928, withheld the means of support from his wife, Alice Roland Busch, there not existing at said time any ground or grounds for divorce.

One of the grounds for divorce in this State is, "Extreme

cruelty by defendant to complainant." Another is "Habitual indulgence by defendant in violent and ungovernable temper." This Court, in Williams v. Williams, 23 Fla. 324, 2 So. R. 768, say:

> Extreme cruelty as a cause for divorce may be mental as well as bodily injury.

And in Wetherington v. Wetherington, 57 Fla. 551, 49 So. R. 549, the Court say:

> Extreme cruelty, which constitutes one of the grounds for divorce, not only means physical or bodily injury, but includes such conduct of husband or wife as would cause the other continuous and intense mental suffering.

In Taylor v. Taylor, 63 Fla. 659, 58 So. R. 238, the Court say:

> Where divorce is sought because of violent temper the bill must allege facts showing violent temper which will injuriously affect his safety, health or personal comfort.

During the progress of the trial while alleged defendant was under cross-examination and while she was being questioned in regard to acts which, if proven true, would tend to show her guilty of cruel treatment toward the accused and would tend to show her guilty of possessing a violent and ungovernable temper, the court interrupted the examination, saying: "I think that is a very unfair examination. I do not like for any witness in this court to be brow-beaten and asked whether or not they have done things which cast a reflection, just like you get a man on the stand and say, 'Were you not accused down in Texas for stealing a horse?'

Then followed a colloquy between the court and the defendant's attorney. Exception was taken to the remarks of the court and to the ruling of the court cutting off the line of examination then being pursued.

The allegation in the information "there not existing at said time any ground or grounds for divorce" is a material allegation and a material fact to be proven and when the complaining witness had testified that there existed no ground or grounds for divorce, cross-examination could be applied to show whether or not she had committed such acts as would constitute a ground for divorce.

There was a great deal of improper testimony introduced at the trial, testimony that was entirely irrelevant and immaterial so far as the issues in this case were involved.

In the case of Stedman v. State, 80 Fla. 547, 86 So. R. 428, it is said:

> Withholding the means of support means something more than failure to support or non-support. It presupposes the existence or the ability to obtain the means of support by the accused and need by the alleged dependent or dependents from whom support is withheld. That which has no existence, actual or potential, cannot be withheld; neither can that be withheld which is already possessed.

A careful reading of the testimony fails to disclose any proof that the wife of the accused was without means of support. In other words, there was no proof of any need by the alleged dependent from whom support was alleged to have been withheld.

In Stedman v. State, *supra*, this Court say:

> Statutes of this kind are not substitutes for statutes affording civil remedies in such cases. 21 Cyc. 1611;

People ex rel. Demos v. Demos, 100 N. Y. Sup. 968, 115 App. Div. 410; People ex rel. Feeney v. Dershem, 79 N. Y. Sup. 612, 78 App. Div. 626; People v. Turner, 29 Cal. App. 193, 156 Pac. R. 381; State v. Thornton, 232 Mo. 298, 134 S. W. R. 519; Dalton v. State, 118 Ga. 196, 44 S. E. R. 977; Richie v. Commonwealth, 23 Ky. Law Rep. 1237, 64 S. W. R. 979.

The Attorney General, in his brief filed in this case, says:

In view of the evidence, as it appears in the record, we, too, are prejudiced against the defendant, as we would be against any man who married a woman for her money, and then schemed and connived to gain possession of it, and being thus prejudiced, we would no doubt be inclined to pronounce him guilty of anything mean with which he might be charged. With this view of the case we are unable to say that the remarks of the judge, made in the presence of the jury, and to which exceptions were duly taken, was not of such prejudicial and harmful nature as to warrant reversal of this case.

Because of the prejudicial remarks and rulings of the court hereinbefore referred to, and because of the lack of evidence to prove the need of the alleged dependent, and because of the volume of irrelevant and prejudicial testimony that was introduced at the trial, the judgment should be reversed, and it is so ordered.

Reversed.

TERRELL, C. J., AND WHITFIELD, ELLIS AND BROWN, J. J.