RALPH E. FLOYD v. STATE.

155 So. 794.

Opinion Filed June 25, 1934.

*Edgar W. Waybright,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case plaintiff in error was charged with the offense of deserting his minor child and withholding from said child the means of support.

There is no testimony in the record showing that the defendant either had or could procure employment by which

he could provide for the support of the child. The testimony shows that the defendant in the court below and his wife, who was the prosecuting witness in the case, were married sometime in 1929 and the child was born April 21, 1930. The record further shows that the wife, both before and after her marriage, lived with her parents and that she had never made her home with the defendant at all.

The record shows that the child is being supported by its mother's parents. Under the rule stated in Stedman v. State, 80 Fla. 547, 86 Sou. 428, the evidence in this case is not sufficient to warrant the conviction. There we said:

"At common law abandonment by or neglect of a husband to support his wife was not a criminal offense. 21 Cyc. 1611. The statutes therefore making such acts indictable and punishable as a crime must be strictly construed. 'Withholding' the means of support means something more than failure to support or 'non-support.' It presupposes the existence or the ability to obtain the 'means of support' by the accused and need by the alleged dependent or dependents from whom support is withheld. That which has not existence, actual or potential, cannot be withheld; neither can that be withheld which is already possessed. The object generally of such statutes is to prevent the alleged dependents from becoming public charges. Statutes of this kind are not substitutes for statutes affording civil remedies in such cases. 21 Cyc. 1611; People, *ex rel.* Demos v. Demos, 100 N. Y. Sup. 968, 115 App. Div. 410; People, *ex rel.* Feeney v. Dershem, 79 N. Y. Sup. 612, 78 App. Div. 626; People v. Turner, 29 Cal. App. 193, 156 Pac. Rep. 381; State v. Thornton, 232 Mo. 298, 134 S. W. Rep. 519; Dalton v. State, 118 Ga. 196, 44 S. E. Rep. 977; Richie v. Commonwealth, 23 Ky. Law Rep. 1237, 64 S. W. Rep. 979."

See also Brooks v. Statem, 99 Fla. 1275, 128 Sou. 814; and Busch v. State, 97 Fla. 332, 120 Sou. 762.

It is unecessary to discuss other questions presented. The judgment should be reversed and it is so ordered.

Revered.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.