IRVING DUKES v. STATE OF FLORIDA

3 So. (2nd) 754
Division B
Opinion Filed September 5, 1941

*Wm. W. Flournoy,* for Appellant;

*J. Tom Watson,* Attorney General, *Joseph E. Gillen* and *Woodrow M. Melvin,* Assistants Attorneys General, for Appellee.

TERRELL, J.—Plaintiff in error was tried and convicted in Walton County for withholding the means of support from his minor child. Sentence was withheld until the next regular term of court on condition that he contribute two dollars per week to the support of his child. Failing to appear at the next term of court, his appearance bond was estreated and he was taken into custody by the sheriff.

He moved to vacate the verdict and dismiss the prosecution on the ground that he was not a citizen of this State. His motion was denied and he was sentenced to serve one year at hard labor in the state penitentiary. This appeal is from the judgment so imposed.

Section 5496, Revised General Statutes of 1920, Section 7654, Compiled General Laws of 1927, makes it a felony for a man "in this State" to withhold from his wife or children the means of support. Appellant supports motion with an affidavit to the effect that he was never a citizen of this State but he does not say that he was not in the State at the time or that his child was not here. The punishment imposed does not depend on citizenship.

Appellant did not testify at the trial to any of the allegations set up in his motion. Motions are not self supporting and will not be permitted to set aside a verdict and judgment secured in due course and no showing of fraud or double dealing is revealed.

The only other assault on the trial is directed to the validity of the order prescribing the conditions of the bond for support of the child but that question appears to have been raised for the first time in this court and will not be considered.

Affirmed.

WHITFIELD, Acting C. J., CHAPMAN and THOMAS, J. J., concurring.

BROWN, C. J., absent, not participating.