HOBSON, Justice.
This is an appeal by the State from an order of the circuit court granting a petition for writ of habeas corpus and directing the respondent sheriff, of Duval County to release the petitioner (appellee here) from custody.
• In the petition for writ of habeas corpus it was alleged that petitioner was restrained by virtue of an extradition warrant issued by the Governor of Florida pursuant to a request from the Governor of Georgia seeking the return of petitioner to Richmond County, Georgia, to stand trial for the offense of abandonment of minor children under the laws of Georgia. The extradition warrant was based upon a criminal warrant, issued by a Georgia municipal judge, charging the petitioner with commission of this offense.
After hearing, the circuit judge entered the order appealed from, finding in part that:
“The demand on which the extradition of'the petitioner was sought failed to allege that at the time the alleged crime was committed the petitioner was then in the State of Georgia, as required by the laws of the State of Florida as declared by the decision of the Supreme Court of the State of Florida in the case of Ennist v. Baden, [158 Fla. 141], 28 So.2d 160 * * * ”
The State takes the position that the only issue involved in the case is the sufficiency of the demand from the Governor of Georgia, and it is conceded that nowhere in the requisition from the Governor of Georgia, nor in any of the annexed papers, is there an express allegation that the petitioner was present in the State of Georgia at the time of the commission of the crime. F.S. Sec. 941.03, F.S.A. requires in part that:
“No demand for the extradition of a-person charged with crime in another state shall be recognized by the gov *45 ernor unless in writing alleging * * * ::that the accused was present' in the demanding state at the time of the commission of the' alleged crime * *
This section is part of Section 3 of the Uniform Criminal Extradition Act which has been adopted by the majority of the States. See 9 Uniform Laws Annotated 169.
Appellant first contends that the quoted portion of F.S. Sec. 941.03, F.S.A., insofar as it requires an allegation that the accused was present in the demanding state at the time of commission of the alleged crime, is void as in conflict with the federal constitution and statutes on the subject The case of Ex parte Arrington, Mo., 270 S.W.2d 39 is relied upon for this contention. A careful reading of Ennist v. Baden, 158 Fla. 141, 28 So.2d 160, cited by the learned trial judge, will demonstrate that after an extensive review of the authorities this court has committed itself to a position opposite from that now taken by •the State. We have reconsidered the Baden case, and see no reason to depart from it.
The second point raised by the appellant, occasions more concern. It is contended that in a case of this nature, where the crime charged is’ failing to provide for support, Section 6 of Chapter 29901, Laws of Florida, 1955, • presently F.S. Sec. 88.061, F.S.A., is specifically applicable and supersedes the general requirement that the demand for extradition allege that the accused was present in the •demanding state.
F.S. Sec. 88.061, F.S.A. reads as follows:
“The governor of this state may demand from the governor of any other state the surrender of any person found in such other state who is charged in this state with the crime of failing to provide for the support of any person in this state and may surrender on demand by the governor of any other state any person found in this state who is charged in such other state with the crime of failing to provide for the support of a person in such other ■ state. The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand although the person whose surrender is demanded, was not in the demanding state at the time of the comnrission of the crime and although he had not fled therefrom. Neither the demand, the oath nor any proceedings for extradition pursuant to . this section need state or show that the person whose surrender is demanded has' fled from justice, or at the time of the commission of the crime was in the demanding or other state.” (Emphasis supplied.)
This section is part of. the Uniform Enforcement of Support Act, which has been widely enacted. Appellee urges that the requirements of this section are inconsistent with the extradition provisions of the Federal Constitution, Art. 4, § 2 and with the Constitution of Florida.
The Uniform Enforcement and Support Act was adopted “to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto.” F.S. Sec. 88.021, F.S.A. j 9A Uniform Laws Annotated 91. We have not previously had occasion to consider the section now in controversy but in Ennist v. Baden, supra, 28 So.2d 160, 162, we stated in part:
“ ‘A state may * * * in the exercise of its reserved sovereign powers and as an act of comity to a sister state, provide by statute for the surrender, on requisition, of persons who are indictable for a crime committed .through their constructive presence in such sister state, even though they have never been corporally within such state and have never fled therefrom to escape arrest and punishment since, in the absence of such statute, such persons are not subject to extradition by the latter state.’ ”
*46 We think that this principle covers the instant case, and we hold that the section in question is valid as against the constitutional attack sought to be made upon it. This result aligns us with those of our sister states which have had occasion to consider this section of the Uniform Act. See Harrison v. State, Ala.App., 77 So.2d 384, certiorari denied 262 Ala. 701, 77 So.2d 387, and Ex parte Coleman, 157 Tex.Cr. R. 37, 245 S.W.2d 712.
Finally, we consider the contention of appellee that the crime here involved is not within the terms of F.S. Sec. 88.061, F.S.A., supra. The crime with which petitioner is charged is the abandonment of his minor children, leaving them in a dependent condition. It is evident that the Legislature, in using the words “failing to provide for the support of a person * intended by this language to encompass all forms of criminal nonsupport with a view to facilitating the extradition of persons seeking to evade their most important obligations by flight. The section of the Uniform Enforcement and Support Act has been held to cover “non-support of a minor child”, Ex parte Floyd, 43 Cal.2d 379, 273 P.2d 820, 821, and “ ‘abandonment of children without means of support and in a destitute condition’ ”, Ex parte Susman, 116 Cal.App.2d 698, 254 P.2d 161.
It follows that F.S. Sec. 88.061, F.S.A. is valid and specifically applicable herein, and accordingly the judgment appealed from must be, and it is hereby, reversed and the cause remanded for further proceedings not inconsistent with this opinion.
DREW, C. J., TERRELL and THOR-NAL, JJ., concur.