165 So.2d 443 (1964)
Sandsbury LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 4268.
District Court of Appeal of Florida. Second District.
June 10, 1964.
Rehearing Denied July 8, 1964.
Jack P. LaMarr, Asst. Public Defender, Fort Lauderdale, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Leonard R. Mellon, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
The defendant, Sandsbury Lee, has appealed the order of the trial court denying his motion for relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
In 1952 the defendant entered a plea of guilty to a charge of robbery and was sentenced *444 to four years in the state penitentiary. In 1957 the defendant was convicted of breaking and entering a motor vehicle. Subsequently this sentence was set aside and the defendant was given a longer sentence under Florida's second offender statute, Sec. 775.09, Fla. Stat., F.S.A.
Three questions have been raised on this appeal:
"1. Did the trial court, as a matter of law, commit reversible error when it failed to have a court reporter present when the counsel for the defendant requested same?
"2. Was the defendant properly represented by counsel in his appeal to the appellate Court?
"3. Did the Court commit reversible error in the sentencing of the defendant to eighteen (18) years?"
The first point pertains to the 1957 conviction for breaking and entering a motor vehicle, the question being whether the absence of a court reporter is a proper basis of a motion under Criminal Procedure Rule No. 1. The federal courts have answered this question in the negative in connection with motions to vacate under Sec. 2255, 28 U.S.C.A., upon which Florida's Criminal Procedure Rule No. 1 is modeled. See Bowen v. United States (5th Cir.1958), 260 F.2d 266, and Smith v. United States (5th Cir.1958), 252 F.2d 369. In the Bowen case the court stated:
"The United States points out that all the matters claimed as error were considered and rejected on Smith's appeal, Smith v. United States, 5 Cir., 252 F.2d 369, as presenting at best only errors cognizable on direct appeal and not available on a collateral attack on the judgment of conviction. In addition it points out: (1) that no appeal was taken or sought to be taken by appellant from the judgment of conviction, of which he now complains; (2) that no showing is, or can be, made that a sufficient record could not have been made up by bill of exceptions if an appeal had been desired; and (3) that what appellant complains of as error, the denial of appellant's request to have the trial proceedings taken down by a court reporter, (a) could not have been more than mere error to be corrected on appeal, and (b) could not have been that because at that time there was no provision of law authorizing the court to employ and pay a reporter to take down and report testimony.
"We find ourselves in complete agreement with these views. To hold otherwise upon the record in this case would, we think, run counter to principle and to authority. Indeed, in effect, by denying finality to a trial conducted as this one was with the defendant represented by competent and able counsel, would make of due process of law merely a one way street."
As in the Bowen case, the appellant in the present case was represented by counsel and he did not appeal. We think that the reasoning of the federal courts is sound, and, in the absence of applicable Florida law, we are in accord with it.
This court recently held that it is not necessary that a record on appeal contain a verbatim transcript of the events occurring at the trial. A narrative summary may be sufficient to show the basis of the trial judge's rulings. See Thomas v. State, Fla.App. 1964, 160 So.2d 119.
The second point is one which the appellant raises for the first time on this appeal. Since this question was not considered by the trial court it cannot be considered on appeal. Dewey v. State, 135 Fla. 443, 186 So. 224; and Dukes v. State, 148 Fla. 109, 3 So.2d 754. As this court recently stated in Whitaker v. State, Fla. App. 1964, 160 So.2d 125:
"The only issue raised by the appeal is whether the alleged absence of a *445 court reporter during appellant's arraignment constituted a denial of due process and equal protection of the laws. This question was not raised in appellant's motion, was neither presented to nor determined by the trial court, and neither the question nor the facts it assumes are apparent or implied in the record. Accordingly, there are no circumstances permitting or justifying its consideration by this court."
The third point challenges the legality of the sentence imposed under the second offender statute. A perusal of the statute will show that this contention is without merit.
Affirmed.
SMITH, C.J., and SHANNON and ANDREWS, JJ., concur.