ANDREWS, Judge.
Defendant Lawrence M. Adams appeals denial of post conviction relief without a hearing.
The defendant was indicted for first degree murder. At his arraignment he pleaded not guilty and not guilty by reason of insanity. As a result of such plea, the court appointed a committee of two medical doctors to determine the defendant’s mental condition. The record does not disclose the report or examination of one of the doctors. The other doctor’s report shows that he examined the defendant, determined among other things that he knew the difference between right and wrong, but that due to extenuating circumstances there was some doubt as to whether or not this conclusion was true. The doctor then recommended that the trial be delayed, and that defendant be referred to the Florida State Hospital for observation and testing by a staff physician over a period of several weeks. Shortly after said report was filed, the defendant changed his plea to guilty of second degree murder, and he was adjudged guilty and sentenced to serve six to twenty years.
The defendant filed motion in proper person for post conviction relief alleging as the sole ground, that he was deprived of his constitutional rights because he was not represented by counsel. The record shows that he was represented by counsel at all critical stages in the proceeding which led to his adjudication of guilt and his sentencing.
The Public Defender was appointed to represent the defendant in this appeal, and attempts to secure a reversal on the grounds that the court abused its discretion in permitting the defendant to plead guilty after having entered a plea of not guilty because of insanity, and the doubt as to his sanity created by the report of the examining medical doctor.
This court has held a number of times that it will not consider a question raised first on appeal. Since the question was not considered by the trial court, it cannot be considered on appeal. Lee v. State, Fla.App.1964, 165 So.2d 443.
*370 Accordingly, the order denying post conviction relief is affirmed without prejudice to the right of the defendant to petition for post conviction relief on issues not raised in this proceeding.
SHANNON, Acting C. J., and SMITH, J., concur.