192 So.2d 506 (1966)
Laures James DOZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 7257.
District Court of Appeal of Florida. Second District.
December 7, 1966.
Laures James Dozier, in pro per.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
*507 HOBSON, Judge.
On 14 September 1965 an information was filed in the Office of the Criminal Court of Record, in and for Hillsborough County, Florida, charging appellant with the crime of robbery. On 20 September 1965 appellant appeared with his own attorney, waived arraignment, and entered a plea of not guilty to the above information. On 22 November 1965 appellant again appeared, with his court-appointed counsel, withdrew his plea of not guilty and entered a plea of guilty to said information. On the same day appellant was adjudged guilty and was sentenced to serve a term of ten years in the Florida State Prison. On 31 May 1966 appellant filed a motion for post-conviction relief, which was denied by order entered 15 June 1966.
Appellant makes numerous arguments in his "Brief of Appellant" which have no proper basis therein, since these arguments were not presented in the first instance to the trial court in appellant's original motion, and therefore appellant may not properly present them to this court. Furthermore, the allegations of the appellant and the facts to justify such allegations are neither apparent nor implied in the record. Therefore, there are no circumstances permitting or justifying their consideration by this court. See Whitaker v. State, Fla.App. 1964, 160 So.2d 125; Lee v. State, Fla.App. 1964, 165 So.2d 443; and Adams v. State, Fla.App. 1965, 179 So.2d 369.
Otherwise, those allegations which appellant has properly preserved for appellate review have heretofore been decided contrary to his position by the appellate courts of this state. First, appellant argues that he was arrested without a warrant, violating his constitutional rights. Even if true, this cannot be properly considered in a post-conviction attack on his judgment and sentence. See Duncan v. State, Fla.App. 1964, 161 So.2d 718 and Smith v. State, Fla.App. 1964, 168 So.2d 585.
Appellant alleges also that he was interrogated without the presence of counsel and that his request for counsel was denied. Assuming such allegations can properly be raised in a collateral attack on his judgment and sentence, in this particular instance this allegation would be immaterial in view of his subsequent plea of guilty. Had the confession been illegally obtained it would have been rejected when offered at a trial on the merits. See Taylor v. State, Fla.App. 1964, 169 So.2d 861. Finally, appellant concludes that he had "insufficient counsel" which is nothing more than a naked conclusion and was properly rejected by the trial court. See Simpson v. State, Fla.App. 1964, 164 So.2d 224; Sam v. State, Fla.App. 1964, 167 So.2d 258, and Kirkland v. State, Fla.App. 1964, 165 So.2d 774.
Affirmed.
SHANNON, Acting C.J., and PIERCE, J., concur.