PIERCE, Judge.
This is an appeal from a second motion under Rule No. One, F.S.A. ch. 924 Appendix, filed by appellant Lester Hand, defendant in the Court below, to vacate a conviction and sentence in a criminal case.
Defendant Hand pleaded guilty on May 14, 1965, to an information filed against him in the Collier County Circuit Court charging second degree murder. Upon adjudication of guilt by the Court, Hand was sentenced to serve twenty years in the State Prison. Thereafter, on August 2, 1966, he filed a motion to vacate the sentence under Rule No. One, which was denied on August 5, 1966. On March 13, *308 1967, he filed a second motion under Rule No. One to vacate the sentence, and on March 16, 1967, the Court denied that motion. From the latter order, Hand has appealed to this Court.
The second motion covered some “areas” embraced in the first motion and adds, some new “grounds” not previously advanced. In substance, the burden of Hand’s contentions in his second motion is that he “ * * * was coerced into entering the guilty plea by police officials without benefit of counsel * * * ”, quoting from his brief filed here. But the only allegation or “statement of fact” contained in his second motion to vacate is the following:
“ * * * plea 0f guilty should be freely voluntarilly (sic) made. Artegas [Artigas] vs. State of Florida, Sup.Ct.1939— [140 Fla. 671] 192 So. 795. It should be made by a compelant (sic) person who understand the consequences of such a plea and it should not be the result of a mistaken belief. Rubenstein vs. State of Florida, Supr.Ct. 1951—50 So.2d 708. Pope vs. State of Florida, Sup.Ct.1908, [56 Fla. 81] 47 So. 487.”
But Hand neglects to tie in the above “principles of law” with his own case. In his motion he does not contend that there was any coercion in his own plea of guilty. The only “coercion” he mentions in the motion was that his “confessions” were allegedly coerced. He makes no contention that any confessions, if made, were ever subsequently used against him to his prejudice. Without such averment, the motion was insufficient on that ground. Coleman v. State, Fla.App.1965, 172 So.2d 854.
And he cannot properly be heard in this Court to complain that his plea of guilty in the trial Court was coerced, because he makes no such allegation in his motion. Adams v. State, Fla.App.1965, 179 So.2d 369; Whitaker v. State, Fla.App. 1964, 160 So.2d 125; Lee v. State, Fla.App. 1964, 165 So.2d 443.
And, as usual, defendant refers to Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Those cases refer to inadmissibility of confessions in evidence at a subsequent trial where the accused had not been warned of his right to counsel. They do not apply to the instant case, however, because no confessions were ever used against defendant at any trial. He merely came into Court, and in the presence, and with the advice, of counsel, pleaded guilty.
The order appealed from is therefore—
Affirmed.
LILES, C. J., and ALLEN, J., concur.