210 So.2d 33 (1968)
Willie FORD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 67-504.
District Court of Appeal of Florida. Second District.
May 3, 1968.
Rehearing Denied May 22, 1968.
Robert E. Jagger, Public Defender, and Carleton L. Weidemeyer, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
This is an appeal by Willie Ford, Jr., defendant below, from an order summarily denying his petition under former Rule 1, F.S.A. ch. 924 Appendix, for post-conviction relief.
On January 11, 1966, indictment was returned into the Pinellas County Circuit Court charging the defendant Ford with murder in the first degree. Represented by privately retained counsel, defendant, on March 4, 1966, entered plea of guilty to murder in the second degree, which plea was agreeable to the State Attorney and was accepted by the Court. On March 31, 1966, the Court adjudged defendant guilty of the second degree murder charge and sentenced him accordingly.
On October 16, 1967, defendant moved to vacate said judgment and sentence under former Rule 1, to which petition the State Attorney filed answer denying all allegations therein set forth. On November 6, 1967, the Court summarily denied relief under the petition, from which order defendant is here appealing. The Public Defender of said Court has represented defendant on this appeal.
In the petition, defendant asserts that on January 1, 1966, he was admitted to a Clearwater hospital as an emergency patient and while there narcotics were administered to him "to ease his pain", that police officers thereupon insisted on questioning *34 him, and that while under the influence of narcotics certain confessions were extracted from him. He also alleged that a local attorney, who was privately retained by his family, did not competently represent him in that he did not hold sufficient consultations with defendant and who also advised him to plead guilty "since the state attorney was going to reduce the charge" to second degree murder. The trial Judge in denying the petition held that defendant "intelligently, understandingly and advisedly entered a voluntary plea of Guilty * * *, that no irregularities theretofore occurring were used against the Defendant at or after said guilty plea; and the Defendant was represented by competent counsel at every essential stage of the proceeding * * *".
Defendant's contention that he was "induced into the confession", even if true, was insufficient to entitle him to have the judgment of conviction vacated. The record is barren of any showing that any confession was ever used against the defendant; on the contrary, he appeared in open Court, attended by his privately retained attorney, and pleaded guilty to a lower degree of unlawful homicide which the State Attorney had agreed to. Under such circumstances, the existence of such confession or confessions is not sufficient reason to relief under Rule 1. Coleman v. State, Fla.App. 1965, 172 So.2d 854; Weeks v. State, Fla.App. 1967, 201 So.2d 764. And, as stated in Hand v. State, Fla.App. 1968, 208 So.2d 307, released March 20, 1968, "* * * he cannot properly be heard in this Court to complain that his plea of guilty in the trial Court was coerced, because he makes no such allegation in his motion", citing Adams v. State, Fla.App. 1965, 179 So.2d 369; Whitaker v. State, Fla.App. 1964, 160 So.2d 125; Lee v. State, Fla.App. 1964, 165 So.2d 443.
And as to the asserted incompetence of his counsel, the rule is that, where an accused retains his own attorney, he thus waives his right to complain of his counsel's competence. Simpson v. State, Fla. App. 1964, 164 So.2d 224; Coyner v. State, Fla.App. 1965, 177 So.2d 715; Williams v. State, Fla.App. 1965, 167 So.2d 795.
From what we have said, it is apparent that the petition was devoid of substantial grounds on its face, and the trial Judge was thereupon in his rights in summarily disposing of the matter by denying the petition without necessity of a useless hearing. The order appealed is therefore affirmed.
Affirmed.
LILES, C.J., and HOBSON, J., concur.