HENDRY, Judge.
This is an appeal by the State of Florida from an order of the Criminal Court of Record of Dade County, Florida, dismissing an information against the defendant in which he was charged with desertion and non-support of his minor children.
The affidavit upon which the Justice of the Peace of Dade County issued the warrant against the defendant charged in effect that the defendant, while not being personally present in the State of Florida and the County of Dade, but residing in the State of Arkansas and other states, intentionally committed acts in the State of Arkansas and other states which knowingly resulted in a crime in Dade County, Florida, in that he withheld means of support from his children who were lawfully residing with their mother in Dade County, Florida.
*128 The defendant was extradited from the State of Arkansas. On his return to Dade County, he was brought before the Justice of the Peace for a preliminary hearing and was bound over to the Criminal Court of Record for trial. An information was filed against the defendant charging him with such offense. The charge in the information followed the language used in t.he affidavit and warrant.
The defendant’s attorney filed a motion to dismiss the information on the ground that the court was without jurisdiction. The motion to dismiss was granted on the ground stated.
The state contends that t.he trial court erred in entering the order dismissing the information. We cannot agree.
The statute which the defendant is charged with violating is 856.04 Fla.Stat., F.SA., and reads as follows:
“856.04 — Desertion; withholding support; proviso — Any man who shall in this state desert his wife and children * * [Emphasis supplied.]
At first reading, it is clear that the language of the statute requires that in order for a crime to take place, the defendant and his children must be in the State of Florida. Since § 856.04 F.S.A. is penal in nature, we are obliged to strictly construe its provisions. Stedman v. State, 80 Fla. 547, 86 So. 428. Moreover, § 856.04 F.S.A. was considered before in Dukes v. State, 148 Fla. 109, 3 So.2d 754, and the defendant there challenged the applicability of the statute on the basis that he was not a citizen of the state. In upholding the conviction, the court implied that t,he crucial factor was not citizenship, but whether the defendant and his children were physically present in the state.
In view of the foregoing principal and decision cited above, we therefore affirm the ruling of the trial court.
Affirmed.