BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 217 So.2d 127. Conflict is alleged with Ennist v. Baden[1] and State v. Bennett[2].
Respondent Darnell was extradited from the State of Arkansas on the basis of a Dade County Justice of the Peace warrant for desertion and non-support of his minor children. After preliminary hearing before the Justice of the Peace, he was bound over to the Criminal Court of Record for trial, on an information charging that Darnell “not being personally present in Dade County, Florida and residing in the State of Arkansas and other States to the State Attorney unknown, commit acts knowingly resulting in a crime in the State of Florida and County of Dade, in that he did unlawfully, willfully and feloniously desert his two minor children, to-wit: Michael Robert Darnell, age 12 years and Colin Campbell Darnell, age 11 years and withhold from them the means of support in violation of Chapter 88 and Section 856.04, Florida Statutes [F.S.A.].”
The trial court granted Darnell’s motion to dismiss the information on the ground that the court was without jurisdiction. The District Court affirmed, holding: [3]
“At first reading, it is clear that the language of the statute requires that in order for a crime to take place, the defendant and his children must be in the State of Florida. Since § 856.04 F.S.A. is penal in nature, we are obliged to strictly construe its provisions * * *. Moreover, § 856.04 F.S.A. was considered before in Dukes v. State, 148 Fla. 109, 3 So.2d 754, and the defendant there challenged the applicability of the statute on the basis that he was not a citizen of the state. In upholding the conviction, the court implied that the crucial factor was not citizenship, but whether the defendant and his children were physically present in the state.”
Florida Statute § 856.04, F.S.A., provides in pertinent part as follows:
“Any man who shall in this state desert his wife and children, or either of them, or his wife where there are no children or child, or who shall wilfully withhold from them or either of them, the means of support, or any mother, who shall desert her child or children, or who shall wilfully withhold from them, the means of support, shall be deemed guilty of a felony, and upon conviction thereof, shall be punished by imprisonment in the state prison at hard labor, not exceeding two years, or by fine not to exceed $2,-000.00, or by both such fine and imprisonment * * *.”
This Court in Dukes v. State[4] affirmed the conviction of withholding support from a minor child, stating:
“Section 5496, Revised General Statutes of 1920, Section 7654, Compiled General Laws of 1927, makes it a felony for a man ‘in this State’ to withhold from his wife or children the means of support. Appellant supports his motion with an affidavit to the effect that he was never a citizen of this State but he does not say that he was not in the State at the time or that his child was not here. The punishment imposed does not depend on citizenship.”
We construe the foregoing statement by this Court to mean that citizenship is irrelevant under the Act, if either the defendant or his children are present in the state *153 when the desertion and non-support occur. The language “in this State” refers to the place the crime is committed rather than the location of the man committing it. Both the desertion and withholding of support occurred within this State.
The District Court’s decision, misconstruing this Court’s opinion in the Duke case has created conflict under the rule of Pinkerton-Hayes Lumber Co. v. Pope.[5]
In the Bennett and Ennist cases, supra, this Court recognized the nature of nonsupport laws as not requiring the presence of the defendant within the prosecuting state. The Bennett case[6] recognizes that the Florida Uniform Enforcement of Support Law[7] was adopted “to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto,” and states that the Legislature adopted the Act[8] “with a view to facilitating the extradition of persons seeking to evade their most important obligations by flight.” The Uniform Act, Florida Statute §§ 88.-061, F.S.A., provides:
“The governor of this state may demand from the governor of any other state the surrender of any person found in such other state who is charged in this state with the crime of failing to provide for the support of any person in this state and may surrender on demand by the governor of any other state any person found in this state who is charged in such other state with the crime of failing to provide for the support of a person in such other state. The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand although the person whose surrender is demanded was not in the demanding state of the time of the commission of the crime and although he had not fled therefrom. Neither the demand, the oath nor any proceedings for extradition pursuant to this section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or other state.” (e. s.)
We hold, therefore, that a person who has abandoned his children in this State can be prosecuted under Florida Statute § 856.04, F.S.A., even though he no longer resides in Florida. He is subject to extradition under Florida Statute § 910.01, F.S.A., or to interstate rendition under Florida Statute § 88.061, F.S.A. Any other interpretation would render the non-support laws, both civil and criminal, futile.
In the case before us when the defendant, now residing in the State of Arkansas, failed to support his children who were living in the State of Florida, no person in the State of Arkansas was injured, and the State of Arkansas did not suffer. The evil effect of his abandonment operated against the defendant’s children in the State of Florida and against the State of Florida in that it became necessary either for the State to support the children or for other individuals to assume the responsibility for the support for which the defendant was primarily liable.[9] If the defendant had stood immediately across the Florida line in a sister state and had directed some form of physical mistreatment to his children who were physically across the line in the State of Florida, the adverse effect upon said children would have been similar to that resulting from defendant’s failure to provide the support for them in this State. It is therefore, the State of Florida which has a right to try the defendant and punish him if he should be found guilty.
*154 Accordingly, certiorari is granted, the decision of the District Court affirming dismissal of the information is quashed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW and ADKINS, JJ., concur.

. 158 Fla. 141, 28 So.2d 160 (1946).

. 90 So.2d 43 (Fla.1956).

. 217 So.2d 127, 128 (Fla.App. 3rd 1968).

. 148 Fla. 109, 3 So.2d 754 (1941).

. 127 So.2d 441 (Fla.1961).

. 90 So.2d 43, 45 (Fla.1956).

. Fla.Stat. Chapter 88 (1969), F.S.A.

. 90 So.2d 43, 46 (Fla.1956).

. Floyd v. State, 115 Fla. 625, 627, 155 So. 794, 795 (1934): “The object generally of such statutes is to prevent the alleged dependents from becoming public charges.”