JOHNSON, Chief Judge.
This is an appeal from a judgment of conviction after a jury verdict of guilty, and sentence thereon.
We think it is necessary that the facts be spelled out in this case in order that our decision herein may not be misconstrued.
It appears that the appellant, after being advised by the prosecuting witness in this case that she was pregnant with his child, married the prosecuting witness on April 10, 1969. She had been previously married, and divorced in September 1968, but continued to live and cohabit with her divorced exhusband until March 1969, less than 30 days before she married the appellant herein. About April 30 or May 1st, 1969, the parties went to Fort Worth, Texas, where the appellant had obtained employment with a trucking firm. He claims that he had been employed by telephone before he left Florida. There was some dispute as to why the wife went with her husband, the appellant, to Fort Worth but be that as it may, she drove to Fort Worth in her car, along with her husband, and her four year old son by a previous marriage. They registered at a motel and from there, she carried appellant to a doctor’s office for a physical examination, as required by *149 the trucking firm as a prerequisite to his employment. She left him at the doctor’s office with the understanding or promise to return to pick him up within thirty minutes thereafter. Instead of returning to pick him up, she checked out of the motel and headed back to Florida.
Appellant was successful in his physical exam and in procuring the truck driver’s job. His first job was to leave immediately with a load for Lake Worth, Florida. About daylight the next morning, appellant spotted his wife’s car at a motel in Louisiana and stopped there. He gave her $20.00 and told her to follow him to Florida. She didn’t follow him, but she did later come to Florida and went to Orlando, where she worked with her father, keeping books for several weeks, or until the job was completed, and then she returned to Columbia County, Florida, where her mother lived, and worked in a restaurant until about the 1st of September, 1969. It appears from the transcript of the testimony, only, that a Justice of the Peace ordered the appellant to pay the wife some money, about September 5, 1969, and the appellant said he paid $100.00 before the Justice of the Peace ordered him to, another $100.00 thereafter, and a $75.00 payment. It is not clear to us upon what basis the Justice of the Peace came into the picture and neither the attorney for appellant nor appellee has seen fit to enlighten the court thereon, but it does cause us concern as to why the criminal jurisdiction was invoked and acted upon by the Justice of the Peace and then later a felony charge made covering the date from the alleged date of nonsupport to the date of the Justice of the Peace taking jurisdiction. We do not believe the State nor the prosecuting witness should have two bites of the same apple, and that the Justice of the Peace’s adjudication should have terminated any criminal liability for the past conduct of the appellant. Although counsel has not raised this point, it appears to us to be such fundamental error that we are authorized to recognize this point.
The record shows from the testimony of the prosecuting witness that she did not ask the appellant for any help from the time she left him in Texas, about May 1 or 2, until she started to have trouble with her kidneys in September. There was no evidence that the wife was in need of support, nor was without means of support from May 5 to September 5, but actually direct proof that she was taking care of herself and able to do so until her kidney trouble started.
The Supreme Court of Florida has said in Busch v. State, 97 Fla. 332, 120 So. 762:
“To authorize conviction for withholding means of support from wife, proof must show that wife was without means of support, and mere proof of failure to support or nonsupport is insufficient.”
Again the Supreme Court of Florida has said in Haag v. State, 111 Fla. 781, 149 So. 566, the following:
“To constitute the statutory offense of abandonment of a wife, there must be an act of abandonment, coupled with neglect or refusal to maintain and provide for the wife, without just cause therefor * * * »
It appears to us that either the wife in the case sub judice, did not have a valid reason for deserting or leaving the appellant in Fort Worth, Texas, as she did, or if she had a valid reason, the same would have constituted grounds for divorce, so under either set of facts, the appellant should not have been prosecuted nor convicted of nonsupport of said wife. It is our opinion that a civil remedy is available to the wife and that the process of criminal prosecution should not be invoked in lieu thereof.
For the reasons stated, the trial court erred in denying the defendant’s motion for judgment of acquittal. The verdict of the jury is set aside and vacated, and the order of the court placing the defendant on *150 probation is reversed and the trial court directed to enter an order of acquittal in favor of the defendant-appellant herein.
Reversed.
CARROLL, DONALD K. and SPEC-TOR, JJ., concur.