PER CURIAM.
Affirmed.
WALDEN and OWEN, JJ., concur.
MAGER, J., concurs specially, with opinion.
MAGER, Judge
(concurring specially).
Defendant appeals from a judgment and sentence of the Criminal Court of Record in and for Orange County, Florida, entered by the Court after the defendant was found guilty in a jury trial of larceny of an automobile and assault and battery. Defendant seeks reversal of the judgment and sentence on the ground that he had a right to be present “at all proceedings before the court when the jury is present” and that such right could not be waived by his counsel unless he consented or acquiesced in the waiver.
A review of the record on appeal reflects that counsel for defendant not only did not object to the absence of defendant during the “proceeding” which will hereinafter be discussed, but, in addition, defendant’s absence was not assigned as a ground *31 in his motion for a new trial nor was such absence and waiver assigned as error in this appeal. It is axiomatic that an appellate court will review only those alleged errors properly presented to it and will not determine questions not presented and considered by the trial court and not embraced in the assignments of error. Silver v. State, Fla.1966, 188 So.2d 300; Mortellaro v. State, Fla.1954, 72 So.2d 815; Dukes v. State, 1941, 148 Fla. 109, 3 So.2d 754; Ryan v. State, 1910, 60 Fla. 25, 53 So. 448; 2 Fla.Jur., Appeals, § 287; Rule 6.16, F. A.R., 32 F.S.A. A recognized exception to this foregoing principle will be made where the alleged error constitutes “fundamental error”. Silver v. State, Fla.App.1965, 174 So.2d 91; Miller v. State, Third District Court of Appeal, 246 So.2d 169, opinion filed April 6, 1971. See also State v. Youngblood, Fla.1968, 217 So.2d 98. Fundamental error “must be one which reaches down into the vitals of the trial itself, and must be such as to produce the guilty verdict which otherwise could not have resulted without the assistance of the error”. State v. Youngblood, supra. Whether defendant’s absence (although waived by counsel) from a proceeding before the trial when the jury is present constitutes fundamental error compelling a new trial in the interest of justice depends upon the facts of the case. Williams v. State, Supreme Court of Florida, 247 So.2d 425, opinion filed May 5, 1971. Even constitutional issues, unless they constitute fundamental error, are waived unless they are timely raised. Sanford v. Rubin, Fla.1970, 237 So.2d 134.
A careful review of the record on appeal in the case sub judice fails to reflect such circumstances as would warrant the conclusion that fundamental error was committed. The record reveals that the defendant was absent at a point in the proceedings when the jury, after having retired, returned to the courtroom to make inquiries of the jttdge. The jury had retired on June 5, 1970, at 5:53 p. m., and returned to the courtroom at 6:25 p. m. for the purpose of making an inquiry into the testimony of a witness which apparently the jury was not able to recall. The court advised the jury that it would have to determine to the best of its recollection as to what the testimony was and, if necessary, the court reporter would be recalled to clarify this testimony. This entire colloquy between the court and the jury lasted approximately five minutes for the record reflects that the jury was excused at 6:30 p. m. The record clearly reveals that the defendant was not present during this “proceeding” and that the court was abundantly aware of this fact as is reflected from the following testimony:
“THE COURT: What about the defendants? Do we need them here for this purpose or not ?
“MR. COLEMAN: I don’t know if they should be here or not, Your Honor, but I don’t know if we can waive their right to be here or not.
“THE COURT: Would counsel for both defendants and the State Attorney waive the absence of the defendants while we see what the jury have on its mind?
“MR. MURROUGHS: If that’s something I’m empowered to do I will waive. But I just don’t know if I can do that.”
Defendant relies upon the provisions of F.S., Section 914.01(4), F.S.A., which reads as follows:
“914.01 Presence of defendant when prosecution for felony, — In all prosecutions for a felony the defendant shall be present:
«* * *
“(4) At all proceedings before the court when the jury is present; * * [1]
Section 920.05(1) (a), provides in part:
“920.05 Grounds for new trial, if substantial rights of defendant have been prejudiced.—
*32 “(1) The court shall grant a new trial if any of the following grounds are established, provided the substantial rights of the defendant have been prejudiced:
“(a) That the defendant was not present at any proceeding where his presence is required under the criminal procedure law; * * [2] (Emphasis added.)
A reading of these sections in pari ma-teria would indicate that in order for defendant’s absence to constitute “fundamental error” his substantial rights must have been prejudiced by such absence. The facts of this case do not reveal that the substantial rights of the defendant were prejudiced during the five-minute discussion that transpired between the court and the jury. The jury could not recall the testimony of one witness and made inquiry of the court for that purpose and was advised that the jury would have to depend upon its own recollection.[3] To suggest that the defendant’s absence under these circumstances resulted in prejudicing his substantial rights and that such absence could not have been waived by his own counsel would be somewhat incongruous; for to do so would mean that if the jury had returned for the purpose of inquiring about dinner,[4] or for any purpose whatsoever not even remotely related to the trial, “fundamental error” would have occurred if defendant was not present (although represented by his counsel who waived such presence). Such a strained interpretation should not be ascribed to Section 914.01(4). The decision in State v. Melendez, Fla.1971, 244 So.2d 137, cited by defendant, is distinguishable from the case sub judice. In Melendez defendant apparently was not notified as to the time his trial would be held and was absent during the selection of the very jury which was to try him although he was represented by counsel and did subsequently ratify such selection. There is, however, a distinction between an absence at the beginning of a trial when the jury is selected, which absence would seemingly require an affirmative ratification by the defendant of the selection done in his absence, and the facts in the case sub judice.
Under the circumstances of this case I would consider the defendant’s absence and the failure to secure his ratification of actions taken in his absence as harmless error within the meaning of Section 924.33, Florida Statutes, F.S.A. See Casso v. State, Fla.App.1966, 182 So.2d 252; Coggins v. State, Fla.App.1958, 101 So,2d 400. As a cautionary note, however, I would observe that a situation of this type can be avoided by the simple expedient of having the defendant present before the court at all times when the jury is present; or, alternatively, for the record to clearly reflect that the defendant acquiesced in or ratified actions taken by counsel in his absence. Adherence to the foregoing will eliminate any possibility of prejudice to a defendant and obviate the necessity of a determination as to whether the defendant’s absence under a given set of circumstances injuriously affected his substantial rights.
In light of the circumstances surrounding these proceedings I am of the opinion that there was no fundamental error and the judgment and sentence of the trial court was properly affirmed.

. This section which was in effect during the time of the proceedings sub judice was repealed by Chapter 70-339 effective January 1, 1971. Similar provisions can now be found in Rule 1.180(a) (4), F.R. Cr.P., 33 F.S.A.

. This section which was in effect at the time of the proceedings was also repealed by Chapter 70-339 effective January 1, 1971. Similar provisions can now be found in Rule 1.600(a) (1), F.R.Cr.P.

. The trial court indicated that it would, if necessary, recall the court reporter to read back the testimony to the jury if it so desired. The foreman of the jury indicated that he wanted to talk over this matter with the other members of the jury. As it turned out, according to the record, the jury never requested the court reporter to return and apparently resolved this matter without any further assistance from the court.

.Interestingly, during this five-minute colloquy the court did advise the jury that the state would be buying them dinner and would provide them with lodging.