**Edward F. GALLANT**

**v.**

**The STATE of Maine et al.**

Supreme Judicial Court of Maine.

May 7, 1976.

Pine Tree Legal Assistance, Inc. by Leo J. Delicata, Student Atty., Robert Edmond Mittel, Supervising Atty., Portland, for plaintiff.

Michael D. Seitzinger, Asst. Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

A Justice of the Superior Court denied appellant's petition for writ of habeas corpus, the purpose of which was to test his

extradition to the State of Georgia.[1] This timely appeal resulted.

We deny the appeal.

Interestingly enough, the appeal is based substantially upon an objection taken to an evidentiary ruling. Unlike most evidentiary rulings, this one, to which objection was made, goes to the very heart of the petition for writ of habeas corpus and was determinative of the outcome of the action.

A proper understanding of the ruling with which this appeal is concerned will be aided by a brief discussion of the undisputed facts.

Appellant Gallant was a one-time resident of the State of Georgia. He is married and is the father of three minor children who have continuously resided in Georgia with their mother. Sometime prior to December 1968, appellant left Georgia and came to Maine. On December 2, 1968, his wife initiated a petition under the civil enforcement provisions of the Uniform Reciprocal Enforcement of Support Act (19 M.R.S.A. § 331 et seq.).[2]

Efforts to compel appellant to make support payments for the minor children were only partially successful. Ultimately, appellant was indicted in Clayton County, Georgia. The indictment alleged in part that Edward F. Gallant, the appellant herein,

"being the father of Scott Gallant, a minor child, Richard Gallant, a minor child, and Jeffrey Gallant, a minor child, did wilfully and voluntarily abandon his said minor children, leaving each and all of said children in a dependent condition, and did leave the State of Georgia."

There is no question but that this indictment charged appellant with having committed a felony (Ga.Code Ann. § 74–9902,

abandonment of child). Since the accused appellant was in the State of Maine at the time the indictment was returned, the then Governor of the State of Georgia requested

"that the said Fugitive from Justice be apprehended and delivered to Sheriff Robert A. Deyton and/or any of his lawful deputies who is hereby authorized to receive and convey the said Fugitive from Justice to the State of Georgia, there to be dealt with according to law."

The requisition was in the usual form and recited that

"the accused was present in this State [Georgia] at the time of the commission of said crime and thereafter, said Fugitive from Justice has fled from the justice of this State, and has taken refuge in the State aforesaid [Maine];"

The requisition was honored by the then Governor of the State of Maine; appellant was apprehended in Maine on a Fugitive from Justice warrant pursuant to 15 M.R.S.A. § 213; and this writ of habeas corpus was sued out.

At hearing on the habeas corpus petition, appellant sought to introduce evidence that he had been in Maine continuously since December 1965 and at no time since that date had he left the State of Maine.[3]

Upon objection being made, the proffered evidence was rejected on the grounds that the fact it sought to establish was immaterial. The Justice's ruling was that presence in the demanding State at the time of the commission of the crime was not necessary to be alleged or proved to support the request for extradition.

Objection to the ruling having been appropriately registered, the correctness of the Justice's ruling is squarely before us in this appeal.

1. 15 M.R.S.A. § 210.

2. Georgia also has adopted the Uniform Reciprocal Enforcement of Support Act (Ga. Code Ann. § 99–901a et seq.).

3. The indictment returned by the Clayton County Grand Jury alleged that the crime was committed in the State of Georgia on the 8th day of May, 1969.

The presiding Justice reasoned that the indictment and the extradition proceedings which followed it were bottomed on the provisions of 19 M.R.S.A. § 361 (which relates to the criminal enforcement of the Uniform Reciprocal Enforcement of Support Act) and for that reason the allegation in the Georgia Governor's requisition that Gallant "was present in this State [Georgia] at the time of the commission of said crime" was mere surplusage. Such allegation, he ruled, was neither necessary nor appropriate in the circumstances of this case.

Two interesting questions arise. One, was the criminal prosecution in Georgia bottomed on the Uniform Reciprocal Enforcement of Support Act; and two, if so, is it necessary that the requisition allege and the evidence establish that the accused was in the demanding State at the time the crime was committed. This latter question is of novel impression in this State.

It is clear from even a casual reading of the requisition that the formal request from the Governor of Georgia and the warrant issued by the Governor of the State of Maine as the responding State are couched in language appropriate to the Uniform Criminal Extradition Act (15 M. R.S.A. c. 9). Section 203 of chapter 9 by its express terms provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under section 206, that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled from the state, . . . ."

We have had several occasions heretofore to discuss this provision of the Uniform Criminal Extradition Act (15 M.R.S. A. § 203). *Burke v. State,* Me., 265 A.2d 489 (1970); *Poulin v. Bonenfant,* Me., 251 A.2d 436 (1969); *Ex parte King,* 139 Me. 203, 28 A.2d 562 (1942).

Unlike the Uniform Criminal Extradition Act (15 M.R.S.A. § 203), the Uniform Reciprocal Enforcement of Support Act (19 M.R.S.A. § 361 which deals with provisions for criminal enforcement of the Uniform Reciprocal Enforcement of Support Act) specifically provides in part:

"The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom. Neither the demand, the oath nor any proceedings for extradition pursuant to this section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or other state."

It is apparent that the Justice's ruling below was correct only if the crime charged in the Georgia indictment is within the terms of Ga.Code Ann. § 99–901a *et seq.*

The indictment charges that the appellant

"did wilfully and voluntarily abandon his said minor children, leaving each and all of said children in a dependent condition and did leave the State of Georgia."

19 M.R.S.A. § 361 (part of the Uniform Reciprocal Enforcement of Support Act) specifically provides for interstate rendition of

"any person found in this State who is charged in such other state with a crime of failing to provide for the support of a person in such other state."

We find, as did the Supreme Court of Florida in *State v. Bennett,* Fla., 90 So.2d 43 (1956) that the evident intent from the use of the above-cited language in the Uniform Reciprocal Enforcement of Support Act was to encompass all forms of crimi-

nal nonsupport with a view to facilitating the extradition of persons seeking to evade their most important obligations by flight. See also, *State v. Darnell,* Fla., 230 So.2d 151 (1970).

■ Having so found, we necessarily conclude the proceedings were governed by the Uniform Reciprocal Enforcement of Support Act and not the Uniform Criminal Extradition Act.

The presiding Justice correctly excluded the proffered evidence on the ground that such evidence, even if believed, was immaterial.

The appea is without merit. The entry must be:

Appeal denied.

Judgment denying issuance of writ of habeas corpus affirmed.

DELAHANTY, J., sat at argument but did not participate further in the case.

All Justices concurring.