164 So.2d 224 (1964)
Clarence SIMPSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 63-843.
District Court of Appeal of Florida. Third District.
May 19, 1964.
*225 Robert L. Koeppel, Public Defender and W. Eugene Neill, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen. and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
HENDRY, Judge.
Clarence Simpson appeals an order denying his motion for relief pursuant to Criminal Rule 1, F.S.A. ch. 924 Appendix. In his motion, and by this appeal, appellant raises one issue of law; to-wit: whether the right to counsel guaranteed to indigents by the Sixth Amendment of the Federal Constitution includes the right to question the competence of such counsel.
Appellant in his motion alleges that he was denied his constitutional right to counsel, in that, the court-appointed counsel was incompetent. The trial court denied his motion without affording a hearing, thereby implying that as a matter of law, a collateral attack could not be made on a judgment of conviction on the basis of the incompetency of counsel.
*226 It seems that the courts of this state have passed upon this question indirectly in Wilder v. State, Fla.App., 1963, 156 So.2d 395, 397, the First District had the following to say in regard to this question:
"We do not understand it to be the law of this state or of the United States, constitutional or otherwise, that one entitled to be furnished counsel at the expense of the state or its component parts may willy-nilly compel the courts to discharge competent and conscientious counsel duly appointed to provide him with legal services, or that he is entitled to the services of more than one attorney in the premises, or that he has the right to designate the attorney who shall be so employed to represent him."
In Wilder, supra, the accused had moved the court to remove his court-appointed counsel and appoint one of three lawyers whom the accused had selected. The court passed upon the factual allegations which the defendant raised as grounds for discharge, and determined them to be insufficient. Although the court did not specifically so state, it could not have reached its result without first having decided that an accused is entitled to competent counsel when that counsel is court appointed. This must necessarily result by use of the language, "conscientious and competent counsel" instead of merely "counsel". Further, the court decided this case by making the factual determination that the accused was being competently represented.
This decision was supported by the subsequent decision of the First District in Webster v. State, Fla.App. 1963, 156 So.2d 890, 895, wherein the court ruled, inter alia:
"The motion to vacate asserts that appellant's court-appointed counsel `conspiciously and deliberately misrepresent him' (sic). This random accusation is not supported by any competent allegation of fact. It is a bald conclusion of the pleader and must be rejected in the face of the unchallenged fact, as recited in the order appealed and indicated by the record on appeal, that counsel appointed by the court to represent appellant is an attorney experienced in the trial of criminal cases; * * *."
Again, as above evidenced, the court denied the allegation on the factual basis that the accused was competently represented. The court was finding, as a matter of fact, that the accused's court appointed counsel was competent. It necessarily follows that if the finding had been the other way, the accused would have been entitled to some relief.
It therefore follows that it is proper to raise, via Criminal Rule 1, the incompetency of court-appointed counsel. The rule is not in conflict with the recent decision of this court in Everett v. State, Fla.App. 1964, 161 So.2d 714. In Everett we held that an inquiry could not be made, via Rule 1, into the competency of counsel employed by a non-indigent, and that is the distinguishing point. Here the accused has no choice in the counsel who will represent him, and as a result he may suffer an injustice if this counsel is not competent, but when an accused retains his own counsel he waives the right to question the competence of that counsel.[1]
Our next inquiry must be into the factual requisites necessary for determining when, and under what circumstances, a court may find that an indigent accused has been, in effect, denied his right to counsel by virtue of the fact that such counsel was incompetent. It goes without saying that the test is not the result or outcome of the litigation.
Inasmuch as Rule 1 is an adoption of 28 U.S.C.A. § 2255, the Federal cases in this area are most helpful and entitled to our consideration.
*227 In Frand v. United States, 301 F.2d 102, 103 (10th Cir.1962), the court set out the proper method for resolving this issue:
"* * * [T]he constitutional right to the effective assistance of counsel does not vest in the accused the right to the services of an attorney who meets any specified aptitude test in point of professional skill. And common mistakes of judgment on the part of counsel, common mistakes of strategy, common mistakes of trial tactics, or common errors of policy in the course of a criminal case do not constitute grounds for collateral attack upon the judgment and sentence by motion under the statute [28 U.S.C.A. § 2255]. It is instances in which resulting from the substandard level of the services of the attorney the trial becomes mockery and farcical that the judgment is open to collateral attack on the ground that the accused was deprived of his constitutional right to effective assistance of counsel."[2]
Now that we have discovered what would amount to a deprivation of counsel by means of incompetence we must consider what specific activity on the part of a lawyer would result in a trial becoming a "mockery or farcical" so that such an allegation, if proven, would constitute grounds for granting a new trial.
In Mitchell v. United States, 104 U.S. App.D.C. 57, 259 F.2d 787, 794 (1958), cert. den. 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86, Judge Prettyman writing for the court, stated:
"If a movant under Section 2255 makes no allegations of ineffectiveness or incompetence of counsel, save in matters normally within the realm of counsel's judgment, he is not entitled to a hearing. Under such circumstances a hearing would be useless, an inexcusable waste of time, energy and money, because even if the movant proved what he alleged he would not be entitled to relief."
In regard to what constitutes "judgment" the court said:
"Trial counsel must make many decisions of an almost infinite variety in the course of a criminal trial: whether to advise a plea to a lesser offense; whether to object; whether to offer a witness of possibly doubtful credibility or with a criminal record; whether to risk crystallizing the view of the judge at that point by a motion for directed verdict before the defense testimony is in; whether to advise the defendant to take the stand and subject himself to cross examination; how to argue the case to the jury; whether to advise the defendant not to go to trial at all but rather to rely upon the mercy of the court. All these and more are practical questions and very real questions. Bad judgment, or even good but erroneous judgment, may result in adverse effects. These are simple facts of trial; they are not justiciable issues." 259 F.2d at 792.
With these judicial guide lines before us we may now proceed to analyze the allegations in our case. The specific factual allegations which appellant sets out to support his contention of incompetence of counsel were as follows:
"1. That appellant was `not even aware of the fact that the State had appointed him an attorney until the date of the trial.'
"2. That `on the date of trial * * (the) State-appointed counsel * * * advised (him) that (they) would have to make a deal with the State.'
"3. That `never once did (the) State-appointed counsel ask (appellant) *228 about the murder charge or the people who were "involved".'
"4. That the State-appointed counsel `made no effort' to disprove certain testimony regarding the alleged murder weapon, and `failed to require the State to explain where or from whom' the State got the weapon in question.
"5. That `if the State-appointed counsel * * * had exposed the character of the murder victim and the state witnesses to the jury, a different light would have entered the case.'"
Appellant's first allegation is simply that the state-appointed attorney did not spend any time with the accused. The Federal Courts, with which we agree, have already ruled that the competence of counsel can not be determined by the amount of time he spent or failed to spend with the accused.[3] Such an allegation, therefore, does not constitute grounds upon which relief could be granted, even if proven. The failure of an attorney to confer with his client, without more, can not establish the incompetence of that attorney.
Appellant's second allegation is merely his way of saying that it was counsel's judgment that they would have to seek the mercy of the court. As outlined in the Mitchell case, this situation is clearly one of those where we must rely on the judgment of the trial attorney, and may not interfere with it. This allegation similarly fails to allege facts whch if proven would entitle appellant to relief.
Appellant's third allegation is simply a restatement of the first, in that, counsel did not spend any time with him. We have already dealt with this proposition.
Appellant's fourth and fifth allegations of incompetency as to trial techniques, in regard to the failure to take specific action, and these clearly fall within the ambit of judgment, with which we may not interfere.
Moreover, taking all of these allegations, assuming them to be true for purposes of this consideration, and considering them in the light of the entire record, they clearly do not constitute such incompetency, if any incompetency at all, which rendered the trial of the accused a mockery and farcical.
In other words, appellant was not entitled to a hearing because even if he could prove his allegations, which we along with the trial court seriously doubt, he would not be entitled to relief. The procedure to be followed by the trial court in these situations where the defendant raises incompetency of counsel is the same as in all of the other Rule 1 proceedings.
The court must first review the motion, with the allegations contained therein. If the movant has failed to allege facts which if proven would establish that his incompetent counsel resulted in a trial which was a farce and mockery then the motion may be dismissed.
If the prisoner alleges facts which if proven would establish his conviction was obtained by virtue of a farcical trial because of counsel, then the court must review the record to determine if these factual allegations could be rebutted. If the record clearly rebuts the allegations raised by the prisoner relief will be denied.
If, however, the record does not clearly and convincingly refute the factual allegations raised by the motion, a hearing must be held at which time the prisoner will be afforded an opportunity to introduce evidence in support of his allegation that he was deprived of his right to counsel in a trial which was a mockery and farcical.
In the present case, the lower court properly denied the prisoner relief, because the factual allegations do not constitute a sufficient showing that the state-appointed *229 counsel was so incompetent as to render appellant's trial a mockery or farcical.
Accordingly, the order appealed is affirmed.
Affirmed.
NOTES
[1] The federal courts adopted the same rule. Sears v. United States, 265 F.2d 301 (5th Cir.1959).
[2] See also Goforth v. United States, 314 F.2d 868 (10th Cir.1963); Black v. United States, 269 F.2d 38 (9th Cir.1959).
[3] Goforth v. United States, supra; Brinegar v. United States, 290 F.2d 656 (6th Cir.1961).