164 So.2d 35 (1964)
Charles B. FAULS, Appellant,
v.
STATE of Florida, Appellee.
No. 4389.
District Court of Appeal of Florida. Second District.
May 20, 1964.
*36 Robert E. Jagger, Public Defender, and Robert E. Pyle, Asst. Public Defender, Clearwater, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
ALLEN, Acting Chief Judge.
Appellant, by motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, filed on June 5, 1963, sought to vacate and set aside the "information and judgment" pursuant to which he was in September of 1956, sentenced to five (5) years in the State Prison. This motion was denied and appeal has been perfected by the Public Defender's office.
Included among the somewhat confusing allegations not unusual in a pro se motion of this kind is an allegation that the indigent appellant was denied due process by the court's failure to appoint counsel to *37 assist him at his preliminary hearing. The order denying the motion recites that it appears "from the * * * records and files in this cause that nothing which occurred at the Preliminary Hearing was in any way used in the [subsequent] proceedings herein * * *."
The courts of this state have consistently held that the lack of counsel at preliminary hearing does not constitute denial of due process unless it is shown that the preliminary hearing was, under the circumstances of the case, a critical or essential stage of the proceedings and that the defendant was prejudiced in subsequent proceedings as a result of his lack of counsel. See e.g. Webster v. State, Fla. App. 1963, 156 So.2d 890. Application of this test is evident in the lower court's finding.
Appellant's brief suggests that this finding is, however, based on matters dehors the record since "there is no record of the preliminary hearing [and] * * * the testimony at the trial has not been transcribed and made a part of the record in this cause. * * *" The record-on-appeal, prepared upon appellant's directions with certain supplemental directions by appellee, does not substantiate this argument. We cannot examine the lower court's finding of fact unless appellant has included all of the evidence upon which this finding was predicated in the record-on-appeal. If, as appellant suggests, there were no transcripts of the hearing and trial in the record below, this should be evidenced in the record-on-appeal by appropriate directions to the clerk and a consequent certificate of inability to comply with the directions. We cannot assume error nor will we assume the non-existence of evidence when the clerk was not directed to include it in the record-on-appeal.
Finally, it is appropriate to note that the motion in this cause did not seek to set aside a sentence imposed in the lower court. Neither did it allege facts indicating that appellant was in custody under sentence of the lower court. Indeed, the facts alleged indicate that service of the sentence imposed in the proceedings attacked may well have terminated. Again, however, the inadequacy of the record-on-appeal, which includes neither the judgment of conviction nor the record of sentencing, prevents inquiry into this apparent deficiency in appellant's claim. We must assume that the lower court's investigation of the "files and records" revealed a basis for exercise of its jurisdiction notwithstanding the insufficiency of the motion. Cf. Dixon v. State, Fla.App. 1964, 163 So.2d 771.
Precluded by the inadequacy of the record-on-appeal, from consideration of the alleged error eventuating in the appealed order, we must affirm.
Affirmed
SHANNON, J., and WILLIS, ROBERT E., Associate Judge, concur.