167 So.2d 258 (1964)
Arthur Lee SAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4546.
District Court of Appeal of Florida. Second District.
September 16, 1964.
*259 Edward A. Gross, Asst. Public Defender, West Palm Beach, for appellant.
James W. Kynes, Atty. Gen., Tallahassee and Leonard R. Mellon, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Petitioner appeals an order denying his motion for post conviction relief filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The petitioner alleged generally (1) that he did not have the proper aid of counsel at his preliminary hearing; and (2) that he was denied a fair trial by the failure of his court-appointed counsel to represent him competently.
Petitioner's first point is untenable. Lack of counsel at the preliminary hearing does not constitute a denial of due process unless it is shown to have resulted in prejudice to the defendant in some subsequent proceeding or that under the circumstances of the case the preliminary hearing was a critical stage in the proceeding. See Abbott v. State, Fla.App. 1964, 164 So.2d 243; Fauls v. State, Fla.App. 1964, 164 So.2d 35; Webster v. State, Fla.App. 1963, 156 So.2d 890.
Petitioner's second contention that he was not "competently" represented by counsel is clearly a naked conclusion without any supporting allegations of fact. Where the factual allegations do not sufficiently show that appointed counsel was so incompetent as to render the trial a mockery and farcical, the petition must be denied. See Simpson v. State, Fla.App. 1964, 164 So.2d 224; Wilder v. State, Fla. App. 1963, 156 So.2d 395; Webster v. State, Fla.App. 1963, 156 So.2d 890, 895.
Petitioner contends that the court erred in denying his petition without causing him to be present for a hearing. This contention is without merit under the allegations presented. See Wooten v. State, Fla.App. 1964, 163 So.2d 305; Simpson v. State, supra; Mitchell v. United States, 1958, 104 U.S.App.D.C. 57, 259 F.2d 787, 794, cert. den. 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86.
Accordingly the order appealed is affirmed.
Affirmed.
ALLEN, Acting C.J., and WHITE and ANDREWS, JJ., concur.