171 So.2d 402 (1965)
Ellis TAYLOR, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5342.
District Court of Appeal of Florida. Second District.
February 3, 1965.
David F. Lanier, Avon Park, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee; Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
Defendant Ellis Taylor, Jr. appeals the denial of motion for post-conviction relief.
The defendant was tried on information charging breaking and entering with intent to commit a felony and grand larceny. The court directed a verdict of not guilty on the charge of grand larceny, and the jury found the defendant guilty of breaking and entering with intent to commit a felony.
A careful examination of the record and of the briefs of counsel discloses that the defendant was represented by counsel at all critical stages of his trial. The petition for relief sets forth that the evidence was not sufficient to sustain his conviction and that *403 the Public Defender, counsel for the defendant, and one of the witnesses, the owner of the juke box allegedly broken into, were related in that said witness and the wife of the Public Defender were cousins.
The sufficiency of evidence cannot properly be raised under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix; Austin v. State, Fla.App. 1964, 160 So.2d 730; Bell v. State, Fla.App. 1964, 168 So.2d 336. Allegation of naked conclusion that prisoner was denied fair trial by failure of court-appointed counsel to represent him competently, without allegations of fact sufficient to show that appointed counsel was so incompetent as to render trial a mockery and farcical, fails to state grounds for post-conviction relief. Sam v. State, Fla.App. 1964, 167 So.2d 258.
ALLEN, Acting C.J., and WHITE and ANDREWS, JJ., concur.