PER CURIAM.
Sammy Lee Coleman appeals an order denying his petition for post conviction relief filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The petitioner was represented by counsel at all critical stages below.
On appeal, the petitioner expresses dissatisfaction with the services of his counsel below but he alleges no particular basis for a conclusion that he was incompetently represented. See Sam v. State, Fla.App. 1964, 167 So.2d 258; Simpson v. State, Fla. App.1964, 164 So.2d 224.
The petitioner next asserts that his petition was sufficient to require his presence on hearing and that the failure to procure his attendance was error. He urges that he was physically tortured “by officers Graham and Hulton” and was threatened and coerced and mentally maltreated in an attempt to secure a statement of guilt, but there is neither allegation nor evidence in the record that any confession was made by or used against the petitioner.
It appears the petitioner entered a voluntary plea of guilty at a time when he was represented by counsel, and we conclude that there was no basis for requiring the petitioner’s appearance for Rule 1 hearing. State v. Weeks, Fla.1964, 166 So.2d 892; Sam v. State, Fla.App.1964, 167 So.2d 258; Wooten v. State, Fla.App.1964, 163 So.2d 305
Affirmed.
ALLEN, Acting C. J., and SHANNON and WHITE, IT., concur.