175 So.2d 243 (1965)
David Charles SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-1063.
District Court of Appeal of Florida. Third District.
May 11, 1965.
Rehearing Denied June 8, 1965.
*244 David Charles Smith, in pro. per.
Earl Faircloth, Atty. Gen., for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and SWANN, JJ.
PER CURIAM.
This is an appeal from an order denying the appellant's motion for relief pursuant to Criminal Procedure Rule I, F.S.A. ch. 924 Appendix. The motion claimed relief on three separate convictions in the Criminal Court of Record in and for Dade County. The judgments and sentences on which relief was requested are:
1. Case No. 8799; Breaking and entering a dwelling house with intent to commit grand larceny; sentenced January 9, 1941 to 5 years to begin upon expiration of a previous sentence. Appellant was released under this sentence on July 1, 1943.
2. Case No. 60-1800; Breaking and entering a church building with intent to commit petit larceny; sentenced on April 8, 1960 to 18 months. Appellant was released under this sentence on May 19, 1961.
3. Case No. 63-8957; Breaking and entering an automobile with intent to commit petit larceny; sentenced December 26, 1963 to 4 years. Appellant is presently serving this sentence.
It is immediately apparent that no relief may be granted as to Cases No. 8799 and No. 60-1800, because appellant is not in custody under these sentences. Young v. State, Fla.App. 1964, 167 So.2d 622.
As to Case No. 63-8957, appellant alleges, (1) that he was not given a preliminary hearing, and (2) that the Public Defender did not properly defend him. It has often been pointed out that the failure to conduct a preliminary hearing is not grounds for relief under Criminal Procedure Rule I unless the movant specifies how he was prejudiced by this failure. No prejudice is alleged in the motion. Appellant's allegation that the attorney assigned to him was not industrious is likewise insufficient. This is especially true in view of the failure to allege how a more industrious counsel could have effected a different judgment.
Affirmed.