PER CURIAM.
The appellant, Donald Edward Wade, Sr., was denied post conviction relief under Criminal Procedure Rule One, F.S.A. Chapter 924, Appendix, without a hearing and appeals to this court.
The petition presents two grounds for relief: 1, that the counsel appointed by the court to represent him was inexperienced in criminal matters; and 2, the admission into evidence at the trial of a statement against interest.
The defendant, together with his brother, was indicted and tried for rape in Palm Beach County in 1949, and was found guilty by a jury. An examination of the record discloses that the defendant was represented by the court-appointed attorney. Under such circumstances a claim of incompetency of counsel without supporting allegations of fact does not sufficiently show that the appointed counsel was so incompetent as to render the trial a mockery and farcical. Sam v. State, Fla.App.1964, 167 So.2d 258.
The record also discloses that the statements given by the defendant, although admitting his presence at the scene of the crime, denied committing the crime. He was warned of his right not to make a statement and of the fact that any statement which he made could be used against him in the trial of the cause. The court admitted the statement into evidence after determining from the entire record that the statement was admissible. Patterson v. State, 1946, 157 Fla. 304, 25 So.2d 713.
The record clearly does not bring this case within the rule established in Es *696 cobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.
Affirmed.
SMITH, C. J., and ALLEN and ANDREWS, TJ-, concur.