PER CURIAM.
The appellant pled guilty to the charges in five separate informations, to wit: No. 61-5345, robbery; No. 61-5387, robbery; No. 61-5388, robbery; No. 61-5716, assault *58 with intent to commit a felony (murder in the first degree) ; No. 61-5717, assault with intent to commit a felony (murder in the first degree). He was sentenced on the robbery charges to a total of 30 years, the sentences running consecutively. He was sentenced on each of the assault charges for a term of 20 years, the sentences to run concurrently with the sentences imposed on the robbery charges and each other. Appellant was represented in the trial court by the Public Defender, and he is represented on this appeal by appellate counsel appointed by the trial court.
Appellant’s motion for relief pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, was denied without eviden-tiary hearing and this appeal followed. We reverse with directions to grant an evi-dentiary hearing on two of the grounds stated in the motion. We will confine our discussion to these two grounds because the other allegations either do not constitute grounds for relief under Criminal Procedure Rule 1 or are stated merely as conclusions without supporting factual allegations.
Appellant’s sworn petition alleged that he pled guilty because he had been physically abused, threatened with the arrest of members of his family and his girl friend unless he confessed, and promised their immunity from prosecution if he would confess, plead guilty, and “not cause any trouble at his coming trial.” We hold that these allegations are sufficient, upon the record in this case, to state a ground for relief.
There is nothing in the record that refutes the allegations or otherwise conclusively precludes relief; therefore, the court erred in denying the petition without affording the petitioner an opportunity to present evidence. Sampson v. State, Fla. App.1963, 158 So.2d 771.
 The second allegation upon which we think the petitioner was entitled to a hearing is to the effect that the petitioner was not properly represented by his court-appointed counsel. We have previously stated the rule that incompetency of court-appointed counsel is not a ground for relief in a Rule 1 proceeding unless sufficient facts are alleged to show that the incompetency made appellant’s trial a mockery or farcical. Simpson v. State, Fla.App.1964, 164 So.2d 224. We reaffirm this proposition, but nevertheless determine that inquiry should be made into these allegations because the appellant alleges that he was deprived of a trial by his forced pleas and that he was deprived of an opportunity to consult with an attorney or receive the advice of counsel. Cf., Henderson v. State, Fla.App.1964, 174 So.2d 73. The record before us does not refute these allegations.
Reversed with directions to grant petitioner an evidentiary hearing upon the two grounds set forth.
Reversed.