ALLEN, Judge.
Appellant, defendant below, has appealed an adverse final order denying him post-conviction relief.
Appellant was indicted for the crime of first degree murder, in Hillsborough County, Florida, which crime was committed December 20, 1936. On January 20, 1937, appellant was arraigned on the indictment of first degree murder and plead not guilty. *788 The case was set for trial February 2, 1937. On February 2, 1937 appellant appeared before the trial court with his attorney. At that time the defense attorney requested the court for permission to withdraw the plea of not guilty to first degree murder and to enter a plea of guilty to second degree murder. The matter was heard before the court, and the state attorney agreed to the plea of guilty to second degree murder. The court then interrogated the appellant personally as to his wishes in the matter and the appellant stated that he wanted to plead guilty to second degree murder. The state attorney and defense attorney briefly stated the facts in the case to the court as they understood them, and the plea of guilty to second degree murder was accepted. Thereafter appellant was adjudged guilty and sentenced to life imprisonment.
On January 10, 1967, appellant filed in the Circuit Court of Hillsborough County a petition, under Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, seeking release from prison. The petition, filed in proper person without a lawyer, alleged that appellant was being illegally held.
On or about March 8, 1967, a hearing was had in the matter, the State being represented by the State Attorney’s Office and the appellant by a court appointed attorney. The record in the case, made in 1937, and the motion of appellant, made in 1967, were considered and the lower court concluded that appellant “had a completely fair, legal and constitutional hearing and was lawfully sentenced to life imprisonment. * * * ” The lower court entered an order denying the petition, under Criminal Procedure Rule No. 1, and the appellant appealed said order.
Appellant’s motion for post-conviction relief reveals that appellant had the assistance of a court appointed counsel at his trial on February 2, 1937. His brief then asserts that said counsel was not competent to represent him.
As the Court said in Simpson v. State, Fla.App.1964, 164 So.2d 224:
“Our next inquiry must be into the factual requisites necessary for determining when, and under what circumstances, a court may find that an indigent accused has been, in effect, denied his right to counsel by virtue of the fact that such counsel was incompetent. * * * ”
The court, in the Simpson case, supra, answered their inquiry by quoting from the Federal case of Frand v. United States, 301 F.2d 102, 103 (10th Cir.1962), where that Court stated:
“ * ■* * It is instances in which resulting from the substandard level of the services of the attorney the trial becomes mockery and farcical that the judgment is open to collateral attack on the ground that the accused was deprived of his constitutional right to effective assistance of counsel.”
The Court, in Simpson, stated further:
“The court must first review the motion, with the allegations contained therein. If the movant has failed to allege facts which if proven would establish that his incompetent counsel resulted in a trial which was a farce and mockery then the motion may be dismissed.”
The allegations in appellant’s petition are not sufficient to show that his court appointed attorney was incompetent. The record fails to advance a single theory upon which we could conclude that the proceedings at appellant’s trial on February 2, 1937, should be considered as mockery or farcical in nature. It therefore follows from the cases above cited that the lower court was more than justified in finding that appellant had been adequately represented by competent counsel. (See also Carroll v. State, Fla.App.1965, 172 So.2d 266; Sam v. State, Fla.App. 1964, 167 So.2d 258.)
After carefully considering the remaining assignments of errors and allegations contained in appellant’s petition, we conclude *789 that the lower court properly denied the prisoner relief.
The order appealed from is, therefore, affirmed.
Affirmed.
LILES, C. J., and HOBSON, J., concur.