PIERCE, Judge.
Appellant Joseph W. Meinsen appeals to this Court from an order denying, without evidentiary hearing, his motion for post-conviction relief under CrPR 1.850, 33 F.S.A.
On April 22, 1969, Meinsen was charged in two informations filed in the Pinellas County Circuit Court with aggravated assault. One information charged that Meinsen shot one Robert M. Hodge, a South Pasadena police officer and the other information charged that he shot one John Michael Zurla. The weapon employed was a .38 caliber Smith & Wesson snubnosed gun and the shooting took place at the Maximo Moorings Yacht Club, in St. Petersburg, on the evening of March 9, 1969.
The two informations were consolidated for trial, and after trial before jury he was found guilty in both cases. At all stages of the proceedings he was represented by the local Assistant Public Defender. On denial of motion for new trial, Meinsen was adjudged guilty and was sentenced to two consecutive terms of imprisonment of six months to five years.
Thereafter, Meinsen filed his motion for post-conviction relief, the alleged ’ground for such relief being that he was inadequately represented by legal counsel at the trial. Specifically in support of said motion, Meinsen alleged that the trial counsel “had only two conferences” with him prior to trial; that his counsel “did not have adequate time to study the information * * * nor to talk with all of the many, many witnesses for the defense”; that his counsel “never brought out many technical facts which would have borne great weight towards proving * * * self-defense in both causes”; that his counsel’s cross-examination of the witnesses for the State appeared to be half-hearted and almost disinterested at times”; that a State witness, police officer Hodge, who was one of the victims of the shooting, “could have, through competent examination by any defense attorney with skill, been shown to have been guilty of assault upon the defendant from behind by the use of Karate”; that near the end of the trial, “the State was allowed, without one iota of objection from defense counsel, who merely sat quietly as if daydreaming, to question the defendant regarding a morals charge brought against him when he was a juvenile * * * and made no motion for mistrial at this point as any competent counsel would certainly have done”, which incident “proves him to be absolutely incompetent as defense counsel in this trial”. It was also averred that trial counsel made few, if any, objections during either the direct or cross examination of witnesses by the prosecution counsel.
But the matter of branding the onus of incompetency of any trial advocate in the handling of his case is always a very difficult and sensitive undertaking. This is so because it, by its very nature, concerns the conduct of a lawyer in his acts and conduct as such, and more particularly, because it invades the sphere of the practitioner’s judgment. It has been well said that no two lawyers try a case alike. And it is a well known fact, known to the Bar and the Courts, that totally dissimilar trial lawyers, in style, personality and judgment, may be equally successful or equally unsuccessful. After all, it is the final result that makes a lawyer successful or other *190 wise, and that final result is always largely dependent upon the effectiveness with which the trial counsel projects his skill and style and personality over to the Court and jury. And these elements are always controlled by his judgment and ordinary common sense.
So to get back to the point at issue. Who can say that trial counsel for Meinsen was incompetent in the handling of his defense, much less so grossly incompetent as to impair Meinsen’s constitutional right to due process of law? The trial Judge apparently didn’t think so because he denied a motion for mistrial made during the trial itself and also denied a motion for new trial made after verdicts were returned by the jury, both motions being directed to alleged unfairness to Meinsen in various of the trial proceedings.
It is true that once during the trial the Judge indicated that if defense counsel had made objections to certain of the interrogations by the prosecution the objections would have been sustained. But even the Judge must not have thought such failure to object was unduly harmful because he denied a motion for new trial and did not charge the jury to disregard the interrogation in question.
It all boils down to the proposition that when a defendant goes into the Courtroom for trial, particularly in a criminal case, he is figuratively putting his liberty and freedom, and sometimes even his life, in the hands of his lawyer. It is somewhat like the patient and his doctor as they approach the surgical ward.
Cases in Florida are uniform to the effect that nothing less than a situation where the trial became a mockery and a farce will warrant post-conviction relief on the ground of incompetency of trial counsel. As was well said by our sister Court of the 3rd District in Simpson v. State, Fla.App.1964, 164 So.2d 224, quoting from the Federal case of Frand v. United States (10th Cir. 1962) 301 F.2d 102:
“ * * * [T]he constitutional right to the effective assistance of counsel does not vest in the accused the right to the services of an attorney who meets any specified aptitude test in point of professional skill. And common mistakes of judgment on the part of counsel, common mistakes of strategy, common mistakes of trial tactics, or common errors of policy in the course of a criminal case do not constitute grounds for collateral attack upon the judgment and sentence by motion under the statute [28 U.S.C.A. § 2255]. It is instances in which resulting from the substandard level of the services of the attorney the trial becomes mockery and farcical that the judgment is open to collateral attack on the ground that the accused was deprived of his constitutional right to effective assistance of counsel.”
To the same effect see Sam v. State, Fla.App.1967, 167 So.2d 258; Taylor v. State, Fla.App.1965, 171 So.2d 402; Coleman v. State, Fla.App.1965, 172 So.2d 854; Miles v. State, Fla.App.1965, 174 So.2d 576; Wade v. State, Fla.App.1965, 177 So.2d 695; Smith v. State, Fla.App.1965, 175 So.2d 243.
In the case sub judice, we hold that the allegations of the petition for post-conviction relief did not in any sense show that Meinsen’s trial was a mockery or farce, or even that his counsel was necessarily incompetent. Trial Judges can usually be counted upon to protect an indigent defendant’s constitutional rights even when his own counsel sometimes slips up.
The order appealed is—
Affirmed.
HOBSON, C. J., and MANN, J., concur.