242 So.2d 729 (1971)
Richard Dallas POTTS, Appellant,
v.
STATE of Florida, Appellee.
No. 70-384.
District Court of Appeal of Florida, Second District.
January 6, 1971.
Walter R. Talley, Public Defender, and D. Turner Matthews, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Chief Judge.
Appellant Richard Dallas Potts appeals to this Court from an order entered by the Hillsborough County Criminal Court of Record summarily denying a post-conviction motion brought under CrPR 1.850, 33 F.S.A.
*730 On October 13, 1966, information was filed charging Potts with robbery. On February 3, 1967, he was tried on said information, and when convicted was so adjudged by the Court and sentenced to a term in the State Prison. His motion for new trial was denied and he took a direct appeal from the judgment as entered, on the sole ground that the trial court erred in admitting testimony concerning the commission of another crime by appellant. This Court affirmed the conviction.
On August 28, 1969, he filed motion to vacate the judgment and sentence under CrPR 1.850 and on September 15, 1969, the motion was denied by the Court. On April 9, 1970, he filed a second motion for post-conviction relief, which was likewise denied by the trial Court on May 5, 1970. From the latter order of denial he appeals to this Court.
Only one contention is made here in furtherance of his post-conviction motion, namely, that he was denied the effective assistance of counsel at the trial.
But no substantial facts are set forth in the motion to sustain such conclusory allegation of ineffectiveness. In the absence of sufficient allegations of fact to support such naked averment the Courts of Florida have been uniform in holding such petitions, grounded upon such contention, to be insufficient. Boone v. State, Fla. App. 1966, 183 So.2d 869. In fact, such allegations of fact must be so strong as to show that such alleged incompetency of counsel made the trial a mockery or a farce. Plymale v. State, Fla.App. 1966, 182 So.2d 57; Coleman v. State, Fla.App. 1965, 172 So.2d 854; Smith v. State, Fla. App. 1965, 175 So.2d 243; Wade v. State, Fla.App. 1965, 177 So.2d 695; Crusoe v. State, Fla.App. 1966, 183 So.2d 600.
The trial Court is not required to have an evidentiary hearing upon such petition for relief when the allegations of the petition itself are not factually sufficient to warrant relief.
Because of such fatal deficiency of the petition in the instant case, the order appealed from is 
Affirmed.
HOBSON and McNULTY, JJ., concur.