313 So.2d 429 (1975)
Eva Mae McCRAE, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1585.
District Court of Appeal of Florida, Third District.
May 27, 1975.
Phillip A. Hubbart, Public Defender, and Gerald Hubbart, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an appeal by the defendant from the denial of a RCrP 3.850 post-conviction motion and also a motion in mitigation of sentence.
Appellant was convicted of second degree murder of her husband. This court affirmed *430 the conviction on appeal. McCrae v. State, Fla.App. 1974, 291 So.2d 17, cert. denied 300 So.2d 267 (Fla. 1974).
Thereafter, she filed her motion to vacate the judgment and to have a new trial and her motion to mitigate a sentence of twenty years imprisonment. An evidentiary hearing was held, and the trial court denied appellant's motion.
As her sole point on appeal, appellant submits that the motion should be granted because she was denied effective assistance of counsel during her original trial where the record reflects that there were four witnesses who might have been called on her behalf, but who were not, because her trial counsel was not prepared.
Appellant's trial counsel was not called as a witness at the hearing below, and her conclusion that he was unprepared appears to be her own subjective opinion based on hindsight.
Also, the record reflects that two of the four witnesses actually were called to testify about matters contained in a presentence investigation report which is not really relevant to the issue of alleged incompetent counsel.
The other two witnesses, social workers at Jackson Memorial Hospital, essentially testified that Mrs. McCrea's husband knew he was suffering from cancer, which depressed him, and also that the appellant was concerned about his condition.
Appellant thus concludes that these witnesses could support her defense that she was attempting to prevent her husband from committing suicide when the gun discharged and killed him.
Appellant concedes that the test generally employed in Florida in determining whether or not a defendant has received reasonably effective counsel is whether the facts alleged demonstrate that the trial was a mockery or a farce. Parker v. State, Fla.App. 1974, 295 So.2d 312; see also, West v. State of Louisiana, 478 F.2d 1026 (5th Cir.1973).
We do not think the absence of testimony of the two witnesses denied the appellant a fair trial. At most, she did not receive a perfect trial. Frazier v. State, Fla.App. 1974, 294 So.2d 691.
It is our view, however, that appellant failed to show that her attorney did not render competent service to her. Accordingly, the order reviewed is affirmed.
Affirmed.