339 So.2d 697 (1976)
Raul CRESPO, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1250.
District Court of Appeal of Florida, Third District.
November 23, 1976.
Rehearing Denied December 21, 1976.
Anthony Dieguez, Hialeah, for appellant.
*698 Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant, Crespo, appeals from a summary denial of his motion to vacate sentence pursuant to Rule 3.850, Fla.R.Crim.P., on the grounds that (1) his pleas of nolo contendere and guilty were invalid and (2) he was denied effective assistance of counsel.
The defendant pled nolo contendere to nine informations, all charging him with uttering worthless checks. He was adjudicated guilty and sentenced to five years on the first conviction, five years on the next three convictions, each to run consecutively, and five years on each of the remaining seven convictions, each sentence to run consecutively.
Examination of the entire record conclusively establishes that the defendant's pleas were voluntarily, knowingly and intelligently entered by him, thus precluding relief or an evidentiary hearing under Fla.R.Crim.P. 3.850. State v. Weeks, 166 So.2d 892 (Fla. 1964): Whitlow v. State, 256 So.2d 48 (Fla.2d DCA 1971).
Defendant's remaining point urges that he be granted relief because of the alleged incompetence of his privately retained counsel. This argument is not a ground for post-judgment relief. See Dickenson v. State, 261 So.2d 561 (Fla.3d DCA 1972), and cases cited thereunder.
Affirmed.