PER CURIAM.
Defendant, Sammie Lee Jackson, appeals the summary denial of his motion to vacate his conviction for robbery and aggravated assault on the ground of ineffective assistance of counsel.
Upon receipt of a motion to vacate judgment and sentence, the trial court must examine the record and if the record conclusively demonstrates that the movant is not entitled to relief, the motion may be denied without a hearing. State v. Weeks, 166 So.2d 892 (Fla.1964); State v. Barton, 194 So.2d 241 (Fla.1967); Brumley v. State, 224 So.2d 447 (Fla. 4th DCA 1969). Absent a showing that the trial was a mockery or a farce or that defense counsel was necessarily incompetent, a defendant is not entitled to post conviction relief on the claim of inadequate representation by trial counsel. McCrae v. State, 313 So.2d 429 (Fla. 3d DCA 1975); Potts v. State, 242 So.2d 729 (Fla. 2d DCA 1971); Meinsen v. State, 240 So.2d 188 (Fla. 2d DCA 1970). A review of the record absolutely refutes defendant’s contention that he was inadequately repre *941 sented or his trial was a mockery or a farce. As a matter of fact, at the defendant’s insistence that the public defender’s office could not do the job, the court appointed private counsel as a special public defender. In addition, one of the grounds raised to demonstrate ineffective assistance of counsel was the introduction of a certain photograph of the defendant from which the victim initially identified him. However, we note that the issue was raised in defendant’s direct appeal and disposed adversely to his position. See Jackson v. State, 338 So.2d 231 (Fla. 3d DCA 1976).
Affirmed.