382 So.2d 769 (1980)
The STATE of Florida, Appellant,
v.
Lloyd GARMISE, Appellee.
No. 78-2185.
District Court of Appeal of Florida, Third District.
April 8, 1980.
Rehearing Denied May 5, 1980.
Janet Reno, State's Atty. and Arthur Joel Berger, Asst. State's Atty., for appellant.
Roy E. Black, Miami, Carlton, Fields, Ward, Emmanuel, Smith & Cutler and Woodrow Liles, Tallahassee, for appellee.
Before HAVERFIELD, C.J., and HENDRY and HUBBART, JJ.
HUBBART, Judge.
This is an appeal by the state from an order of the Dade County Circuit Court vacating a prior criminal conviction under Fla.R.Crim.P. 3.850. We have jurisdiction to entertain this appeal. § 924.07(2), Fla. Stat. (1979).
The central issue presented for review is whether the ineffective assistance of a defendant's privately retained counsel constitutes a valid ground for collateral attack of a criminal conviction under Fla.R.Crim.P. 3.850 where such ineffective assistance renders the defendant's trial a farce and a mockery. Until changed or modified by the Florida Supreme Court,[1] we continue to hold, in accord with prior Florida law, that the ineffective assistance of defendant's privately retained counsel cannot constitute a valid ground for collateral attack of a criminal conviction under Fla.R.Crim.P. 3.850. We, accordingly, reverse.

I
The facts of this case as they pertain to the issue on appeal are as follows. On January 15, 1974, the defendant Lloyd Garmise was indicted by the Dade County Grand Jury for the crime of first degree murder. The defendant through his father retained Joseph Panzer, an attorney licensed to practice law in the state of New York, to represent his son on this charge. Mr. Panzer in turn associated Arthur Addess, an attorney licensed to practice law in the state of Florida, to assist him in the *770 preparation of the defense in the upcoming trial. Mr. Addess successfully obtained an order from the trial court allowing Mr. Panzer to represent the defendant in this case pro hoc vice. On February 20, 1974, the defendant through Mr. Addess entered a written plea of not guilty. On May 4, 1974, the defendant was brought to trial before the Dade County Circuit Court. The defendant was represented at that trial by his two privately retained counsel, Mr. Panzer and Mr. Addess. The jury returned a verdict of guilty as charged, but recommended that he be sentenced to life imprisonment. The trial court followed the jury's recommendation and sentenced the defendant to life imprisonment. The defendant's conviction was affirmed on appeal. Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975), cert. dismissed 328 So.2d 841 (Fla. 1976), cert. denied 429 U.S. 998, 97 S.Ct. 524, 50 L.Ed.2d 608 (1976).
On June 27, 1978, the defendant through his presently retained counsel filed a motion to vacate his conviction pursuant to Fla.R. Crim.P. 3.850 stating as the sole ground therefor that the defendant had been denied effective assistance of counsel at his trial. On September 9, 1978, the trial court conducted an extensive evidentiary hearing concerning the ineffective assistance of counsel claim. On November 6, 1978, the trial court entered a comprehensive written order concluding that the defendant's privately retained counsel rendered such ineffective assistance of counsel to the defendant that the defendant's trial thereafter became a farce and a mockery. The basis for this judgment was defense counsel's lack of pretrial preparation, the paucity of pretrial motions and pleadings, and the consequent failure to follow up extremely promising defenses of self defense and mental incompetency. It was the trial court's conclusion that the defendant's trial was a farce and a mockery of justice due to the total lack of preparation by his counsel. The trial court accordingly vacated the defendant's conviction herein and set the cause for a new trial.[2] The state appeals.

*771 II
It is the established law of this state that the ineffective assistance of court-appointed counsel for an insolvent criminal defendant at trial constitutes a valid ground for collateral attack of the defendant's criminal conviction under Fla.R. Crim.P. 3.850. Jackson v. State, 353 So.2d 940 (Fla. 3d DCA 1978); McCrae v. State, 313 So.2d 429 (Fla. 3d DCA 1975); Parker v. State, 295 So.2d 312 (Fla. 1st DCA 1974); Potts v. State, 242 So.2d 729 (Fla. 2d DCA 1971); Meinsen v. State, 240 So.2d 188 (Fla. 2d DCA 1970); Plymale v. State, 182 So.2d 57 (Fla. 3d DCA 1966); Wade v. State, 177 So.2d 695 (Fla. 2d DCA 1965); Taylor v. State, 171 So.2d 402 (Fla. 2d DCA 1965); Sam v. State, 167 So.2d 258 (Fla. 2d DCA 1964); Simpson v. State, 164 So.2d 224 (Fla. 3d DCA 1964). The foregoing line of cases have held that the services of a defendant's court-appointed counsel are ineffective or *772 incompetent if they rendered the trial a farce and a mockery. This standard has recently been changed by the Florida Supreme Court to "whether counsel was reasonably likely to render and did render reasonably effective [assistance of] counsel based on the totality of the circumstances." Meeks v. State, 382 So.2d 673 (Fla. 1980).
A different rule prevails, however, where, as here, the defendant is represented by privately retained counsel of his own choice. Florida courts in a long line of decisions have consistently held that a defendant is precluded from attacking the competency of his privately retained counsel as a ground for collateral attack of his criminal conviction under Fla.R.Crim.P. 3.850. Cappetta v. Wainwright, 203 So.2d 609 (Fla. 1967) citing with approval Everett v. State, 161 So.2d 714 (Fla. 3d DCA 1964); Farmer v. State, 366 So.2d 1271 (Fla. 4th DCA 1979); O'Quinn v. State, 364 So.2d 775 (Fla. 1st DCA 1978); Capo v. State, 363 So.2d 410 (Fla. 1st DCA 1978); Crespo v. State, 339 So.2d 697 (Fla. 3d DCA 1976); Suarez v. State, 338 So.2d 546 (Fla. 3d DCA 1976); Belsky v. State, 231 So.2d 256 (Fla. 3d DCA 1970); Brown v. State, 223 So.2d 337 (Fla. 3d DCA 1969); Frizzell v. State, 213 So.2d 293 (Fla. 2d DCA 1968); Ford v. State, 210 So.2d 33 (Fla. 2d DCA 1968); Simpson v. State, 164 So.2d 224, 226 (Fla. 3d DCA 1964). We are not at liberty to upset such an established line of cases in this state, and, in the absence of a contrary rule by the Florida Supreme Court, we are compelled to reverse the order under review as the order stands in direct conflict with our existing law.[3] As the cases clearly state, the defendant by retaining his own counsel has waived any right to attack the competency of his counsel as a ground for post-conviction relief.

III
We recognize that other jurisdictions have allowed criminal defendants to collaterally attack their criminal convictions on the ground that their privately retained counsel rendered a variously-described level of ineffective assistance of counsel at trial and that reasonable arguments may be adduced in support of such a practice. Fitzgerald v. Estelle, 505 F.2d 1334 (5th Cir.1974) (en banc); Annot. 26 A.L.R.Fed. 218 (1974). Still, we cannot help noting that the Florida rule is not without sound support.
Ordinarily, it seems clear that a defendant who has been otherwise lawfully convicted in a criminal case ought not, subsequent to his conviction, be awarded a new trial because of the negligence of his lawyer. In our adversary system of justice, it is assumed that duly licensed lawyers representing contending parties in a criminal or civil case[4], will vigorously, albeit diversely, represent their respective clients. It is thought ill-advised to conduct post-mortems concerning the "effectiveness" of respective counsel, at least insofar as it may lead to upsetting otherwise valid criminal or civil judgments. The finality of such judgments, the public confidence therein, and the integrity of the adversary system, all seem to dictate such a result. The remedy, if any, for alleged attorney negligence in the representation of clients is a tort action for legal malpractice, together with bar disciplinary proceedings, rather than the award of a new trial to the unsuccessful litigant.
As already stated, however, one narrow exception has been recognized to the above general practice. In criminal cases, an insolvent defendant who is represented by court-appointed counsel may collaterally attack his subsequent conviction on the *773 ground that his counsel failed to render effective assistance of counsel. This exception rests squarely on the state's constitutional obligation, as a matter of due process, to supply effective counsel to a criminal defendant who is financially unable to retain his own counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). As the state has no such constitutional obligation with reference to any other litigant, criminal or civil, in our adversary system of justice, it is thought that the present exception should not be expanded to include, as urged, solvent criminal defendants who retain their own counsel. If such an expansion is recognized, there would seem no principled basis not to extend the exception as well to all civil litigants, which would necessarily swallow up what we conceive to be a salutory general practice. We, therefore, conclude that the Florida law in this area rests on sound ground, and, in view of its well-established nature, should not be changed by this court.
The order under review is reversed and the cause is remanded to the trial court with directions to reinstate the defendant's prior judgment of conviction and sentence.
NOTES
[1] The same or similar issue is presently pending before the Supreme Court of Florida in Vagner v. Wainwright, case no. 56,201.
[2] The order under review reads in pertinent part as follows:

"THIS CAUSE came on before me on July 13, 1978 pursuant to Defendant's Petition to Vacate Judgment and Sentence pursuant to Fla.R.Crim.P. 3.850; the State agreed with Defendant that his Petition stated a prima facie case for relief, and the Court ordered an evidentiary hearing. At the evidentiary hearing held September 8, 1978, the Court heard testimony and examined the entire record of the proceedings of Defendant's case and heard the arguments of the parties. The Court being fully advised in all the facts and issues of law relevant to these proceedings makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
1.1 Defendant's father, IRWIN GARMISE, retained JOSEPH PANZER, an attorney licensed to practice law in the State of New York, to represent his son on the charge of first degree murder. Mr. Panzer associated local counsel, ARTHUR ADDESS, to assist him in preparation of the defense and to assist in the upcoming trial; Addess additionally successfully moved Panzer's admission to practice law in the State, pro hoc vice.
1.2 An examination of the record of these proceedings reveals that defense counsel failed to perform the most rudimentary of requirements to properly represent the Defendant. The only pre-trial motion or pleading filed by them was a Notice of Appearance. No demand for discovery was filed, although Florida has the most progressive discovery rule in the United States. Fla.R. Crim.P. 3.220 et seq: counsel failed to file any motions for favorable evidence, or to dismiss.
1.3 Defense counsel failed to file or litigate any motions to suppress evidence or statements obtained in violation of the United States or Florida Constitutions. Based on my examination of the records in this cause and of the testimony presented at the evidentiary hearing, certainly arguable and justiciable motions to suppress evidence and statements of the Defendant could and should have been presented to the trial court. Compounding these omissions counsel failed to make any objection to the admission of the same evidence during the trial, thereby waiving important fundamental constitutional rights of the Defendant.
1.4 Defendant requested counsel at the time of his arrest (R. 331) and so advised Panzer.
1.5 Counsel for Defendant failed to perform any pre-trial investigation whatsoever. Addess testified that he advised Panzer that he must conduct an investigation into the facts of the charges but that Panzer refused. The Court finds that counsel made no independent investigation nor utilized any of the Florida Rules of Criminal Procedure to conduct an investigation. Under these Rules, there exists no excuse why any criminal defendant can not adequately investigate his case and prepare for trial.
1.6 An examination of the police reports, admitted into evidence upon stipulation of the parties, reveals a plethora of facts which were favorable to Defendant and which effective trial counsel could have utilized to prove self-defense at the trial. This Court finds that a Motion for Favorable Evidence would have required the State to turn over to Defendant large portions of these reports. The most obvious areas are the statements of the investigation officers, medical examiner, and assistant State Attorney, that all the facts found at the house were consistent with the Defendant's claim of self-defense. Although no intervening facts were found by the police investigators before the trial, the trial prosecutor used different witnesses and adjusted his case to disguise the favorable evidence as a good advocate should; unfortunately for Defendant his own attorneys assisted the prosecutor in this endeavor.
1.7 In the police reports the two main State witnesses, DOUGLAS HUBBARD and RICHARD KAREL, gave direct contradictory statements to their trial testimony. In the reports these witnesses stated that Defendant and the deceased had no prior conflicts nor had Defendant made any threats to the deceased. At the trial both testified that prior to the shooting, both fights and threats occurred; this was the only testimony elicited by the State to prove premeditation.
1.8 Defendant began seeing a psychiatrist immediately after the shooting by advice of his parents. The psychiatrist, JOSEPH MAYER, M.D., treated Defendant on a twice-weekly basis from November 1973 to April 1974. Dr. Mayer told Panzer that Defendant was not competent to assist in his defense and to stand trial for the shooting. Mayer requested counsel to consult with him on the issue. Addess testified that upon receiving this information he urged Panzer to follow up on it and, at the very least, to talk to Mayer; Panzer totally neglected even to call Mayer and discuss the problem.
1.9 DR. CHARLES GARRETT, Chief Deputy Medical Examiner for Dade County, went to the scene of the homicide and examined the body and all the surrounding circumstances to the shooting. He advised the police that the shooting appeared to be in self defense. At the inquest held in this cause Dr. Garrett testified that all the circumstances pointed to self-defense. At the trial the State did not call Dr. Garrett as a witness but called JOSEPH DAVIS, the Medical Examiner, who had a different opinion  but he did not go to the scene of the shooting or do the extensive investigation that Garrett did. Defense counsel, despite urging by Defendant, failed to subpoena or call Garrett as a witness, and Defendant lost this favorable testimony.
CONCLUSIONS OF LAW
2.1 Defendant's trial was a farce and a mockery of justice due to the total lack of preparation by his counsel. One of Defendant's two trial counsel testified at the evidentiary hearing and admitted that no investigation of any type was conducted in this, a capital murder case. This Court finds that counsel's conduct could not be found competent under any standard that might be applied.
2.2 Counsel for Defendant habitually disregarded available admissible evidence which could have been utilized to Defendant's favor; this failure prejudiced Defendant in his defense at trial. These errors undercut the reliability of the trial process and prejudiced Defendant's right to a fair trial.
2.3 This Court is fully aware of the case law of this State regarding relief for incompetence of privately retained counsel; however, this Court has not found a case where an express finding was made that privately retained counsel was so incompetent that the trial was a farce and mockery of justice and yet denied relief. The Court believes that, under the law, such a finding requires that a new trial be granted. Therefore, it is
ORDERED AND ADJUDGED that Defendant is granted a new trial."
[3] In Douglas v. State, 373 So.2d 895, 896 (Fla. 1979), the Florida Supreme Court refused to overrule Cappetta v. Wainwright, supra, which supports further our reluctance to upset the existing law herein. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
[4] We are unaware of any authority in Florida which allows an unsuccessful litigant in a civil case to collaterally attack an adverse judgment under Fla.R.Civ.P. 1.540 on the ground that his lawyer did not render effective assistance of counsel in the trial court. Indeed, we know of no such authority in any jurisdiction in this country.