ORFINGER, Judge,
dissenting:
I respectfully dissent. As I read Rule 3.850, Fla.R.Cr.P., if the trial judge deems a motion legally insufficient on its face, he may summarily deny the motion and need not attach copies of the record or grant an evidentiary hearing. Although the trial judge did not so state here, we must assume that he found the motion insufficient on its face because he did not attach copies or grant an evidentiary hearing, and review the order in that light. It is a useless act to send this case back to the trial judge merely to have him tell us that he'found the motion insufficient on its face. I think it is insufficient on its face.
Of the grounds cited, only the complaint of inadequacy of counsel warrants more than superficial review, and it does not appear to me that the allegations in support of that claim state a ground for relief. Appellant reviews some of the evidence and suggests that the trial could have been handled another way, but even if true, this is not a sufficient allegation of incompetent assistance. We all have 20/20 hindsight. Absent a showing that defense counsel was necessarily incompetent, a defendant is not entitled to post-conviction relief on the claim of inadequate representation by trial counsel. Jackson v. State, 353 So.2d 940 (Fla. 3d DCA 1978); Parker v. State, 295 So.2d 312 (Fla. 1st DCA 1974) and Potts v. State, 242 So.2d 729 (Fla. 3d DCA 1971). A defendant is entitled to a fair trial, not necessarily a perfect one. Frazier v. State, *419 294 So.2d 691 (Fla. 1st DCA 1974). Erroneous advice by or an error in judgment of counsel is not sufficient to render the assistance ineffective. Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).
Although the courts have receded from the “mockery of justice” standard, this test is still applied:
We interpret the right to counsel to mean not errorless counsel, and counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. McKen-na v. Ellis, 280 F.2d 592 (5th Cir. 1960), cert. den. 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78; United States v. Fessel, 531 F.2d 1275 (5th Cir. 1976).
See also Douglas Ray Meeks v. State of Florida, 382 So.2d 673, 1980, Florida Supreme Court.
As was said in Foxworth v. Wainwright, 319 F.Supp. 593 (N.D.Fla.1970):
In this regard, the standard to be observed is not whether [the] petitioner would have fared better if his counsel had been more experienced, knowledgeable or aggressive, but rather whether the record establishes that he lacked the minimum standards of competence necessary to satisfy petitioner’s constitutional right to counsel.
I do not believe the petition is sufficient on its face to make a prima facie showing of ineffective assistance of counsel when measured by the foregoing tests, and I would affirm the trial judge’s order denying the motion.