DAUKSCH, Chief Judge.
Appellant has raised the issue of incompetency of privately retained counsel in a criminal matter. In effect, he says he was denied due process and a fair trial because his trial counsel, not the same person as his appellate counsel, was incompetent and ineffective. This question has been answered in various cases and various Florida district courts where it has been held that no state action is involved in the alleged denial of due process or fair trial and appellant cannot complain about the ineffectiveness of his counsel whom he chose. State v. Garmise, 382 So.2d 769 (Fla.3d DCA 1980); Spencer v. State, 385 So.2d 119 (Fla. 1st DCA 1980).
Appellant has not shown us reason to differ from the holdings in those cases so we decline to do so. In fact, even though we have on one occasion ordered appellant to supplement the record on appeal, with which order he less than completely complied, we have no record from the trial to determine whether counsel was incompetent. Although we are aware of the Rule 9.200(f)(2), Florida Rules of Appellate Procedure, which requires our affirmative action when an incomplete record is discerned, we are certain some limit should be reached at which we shall no longer prosecute the appeal for appellant. In order to demonstrate to the trial court and this court that appellant was denied effective assistance of counsel at trial it surely must be a starting point to show from the record at trial the particular instances or examples of the allegations of incompetence.
Based upon the above cited cases and because the record concerning this appeal from a denial of collateral relief under Rule 3.850, Florida Rules of Criminal Procedure, was not properly presented to the court below or this court, we affirm the order denying post-conviction relief. We are aware that some courts have held privately retained counsel to be so incompetent so as to turn the trial into a “farce” or “mockery” and thus cause an accused to be denied due process or effective assistance of counsel. We are also of the understanding our state Supreme Court may soon decide that issue in a case styled Vagner v. Wainwright, No. 56,201, which was referred to in Garmise as “Vargas.”
The order denying appellants petition for post conviction relief is affirmed.
AFFIRMED.
ORFINGER, J., and EVANS, VERNON W., Jr., Associate Judge, concur.