ON REMAND
PER CURIAM.
This appeal is before us on remand from the Florida Supreme Court. The order under review is a trial court order granting a criminal defendant’s motion to vacate judgment and sentence under Fla.R.Crim.P. 3.850 and ordering a new trial on the ground that the defendant was denied effective assistance of counsel at trial. We have previously reversed this order on the basis that the defendant was represented at trial by privately retained counsel of his own choice, which, under the then established law, precluded him from collaterally attacking his criminal conviction based on a claim of ineffective assistance of counsel. State v. Garmise, 382 So.2d 769 (Fla. 3d DCA 1980). Subsequently, the Florida Supreme Court held that ineffective assistance of a defendant’s privately retained counsel constituted a valid ground for collateral attack of a criminal conviction under Fla.R.Crim.P. 3.850. Vagner v. Wainwright, 398 So.2d 448 (Fla.1981). Following that decision, the Florida Supreme Court in the instant case has, quite properly, reversed, upon certiorari review, our prior contrary decision and has remanded the cause to this court for reconsideration in the light of the Vagner case. Garmise v. State, 398 So.2d 819 (Fla.1981). In compliance with that mandate, we conclude, as required by Vag-ner, that the order under review setting aside the defendant’s conviction and awarding a new trial must be sustained if the defendant was denied effective assistance of counsel at trial, which result is not changed by the fact that said counsel was privately retained. Indeed, this result is in accord with a pre- Vagner decision of this court which itself receded from Garmise. Blatch v. State, 389 So.2d 669 (Fla. 3d DCA 1980).
The Florida Supreme Court in Knight v. State, 394 So.2d 997 (Fla.1981), states the established law with respect to a claim of ineffective assistance of counsel as a ground for collateral attack relief under Fla.R.Crim.P. 3.850 as follows:
*734 “In determining whether defendant has been provided with reasonably effective assistance of counsel, we believe the following four-step process encompassed in United States v. DeCoster (DeCoster III), 624 F.2d 196 (D.C.Cir.1979) (en banc), provides a means to discover a true miscarriage of justice and yet does not place the judiciary in the role of interfering with defense counsel’s legal and tactical conduct at trial or on appeal. We adopt the following four principles as a standard to determine whether an attorney has provided reasonably effective assistance of counsel to his client.
First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading.
Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel. As was explained by Judge Leventhal in DeCoster III: ‘To be ‘below average’ is not enough, for that is self evidently the case half the time. The standard of shortfall is necessarily subjective, but it cannot be established merely by showing that counsel’s acts or omissions deviated from a checklist of standards.’ 624 F.2d at 215. We recognize that in applying this standard, death penalty cases are different, and consequently the performance of counsel must be judged in light of these circumstances.
Third, the defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. In the case of appellate counsel, this means the deficiency must concern an issue which is error affecting the outcome, not simply harmless error. This requirement that a defendant has the burden to show prejudice is the rule in the majority of other jurisdictions, (footnote omitted).
Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has an opportunity to rebut these assertions by showing beyond a reasonable doubt that there was no prejudice in fact. This opportunity to rebut applies even if a constitutional violation has been established. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); DeCoster III” Id. at 1000-01.
Turning to the instant case, we have no problem in sustaining the order under review on the basis of the Knight decision, as, in our view, the defendant was not afforded effective assistance of counsel at trial. In particular, we are persuaded that counsel’s failure to call as a defense witness at trial Dr. Charles Garrett, the Dade County Deputy Chief Medical Examiner, constituted a substantial and serious deficiency measurably below that of competent counsel, which, in turn, prejudiced the defendant to the extent that there is a likelihood that it affected the outcome of the proceedings. Dr. Garrett went to the homicide scene in the instant ease, examined the deceased and the entire homicide scene, and was prepared to give testimony that supported the defendant’s claim at trial that he killed the deceased in self defense. As this was an exceedingly close case on the issue of self defense, it is our view that Dr. Garrett’s testimony might very well have tipped the scales in the defendant’s favor. In addition, no reason, tactical or otherwise, was ever given below for defense counsel’s failure to call this witness.
We express no opinion, however, on the plethora of other asserted errors committed by defense counsel below — although we confess to being disturbed, as was the trial court, with the apparent total lack of preparation by counsel for the instant trial. In any event, the trial court was eminently correct in entering the order under review which is hereby,
Affirmed.